IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 106,680

STATE OF KANSAS,
*Appellant*,

v.

WILLIAM JOLLY,
*Appellee.*

SYLLABUS BY THE COURT

1.

Analysis of what circumstances can be considered during a Jessica's Law departure hearing involves the interpretation of K.S.A. 21-4643(d). Statutory interpretation is a question of law over which this court has unlimited review.

2.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. Where there is no ambiguity, the court need not resort to statutory construction.

3.

The plain language of K.S.A. 21-4643(d), which makes no reference to aggravating circumstances or aggravating factors, instructs the sentencing court to conduct a review of the mitigating circumstances without balancing them against the aggravating ones.

1

4.

We disapprove of any language in our prior caselaw that would indicate aggravating circumstances can be weighed against mitigating circumstances when considering a departure in a Jessica's Law sentencing.

5.

The proper statutory method when considering a departure from a Jessica's Law sentence is for the sentencing court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the sentencing court must state on the record those substantial and compelling reasons.

6.

In light of our interpretation of K.S.A. 21-4643(d), neither the district court nor an appellate court should weigh aggravating factors against mitigating factors in a Jessica's Law case.

7.

An abuse of discretion standard applies to an appellate court's review of a district court's determination of whether mitigating circumstances presented under K.S.A. 21-4643(d) are substantial and compelling reasons for a departure sentence. A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based.

8.

When a discretionary decision requires fact-based determinations, a district court abuses its discretion when the decision is based on factual determinations not supported by the evidence. Substantial competent evidence is that which possesses both relevance and substance and furnishes a substantial basis of fact from which the issues can reasonably be resolved. In other words, substantial evidence is legal and relevant evidence that a reasonable person might accept as being sufficient to support a conclusion.

9.

If the sentencing judge departs from the Jessica's Law mandatory minimum term of imprisonment, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure under K.S.A. 21-4643(d). This court has defined "substantial" in this context as something that is real, not imagined, something with substance and not ephemeral; the term "compelling" implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary.

10.

While a single mitigating factor can be substantial and compelling enough to grant a departure from Jessica's Law, mitigating circumstances are not necessarily synonymous with substantial and compelling reasons under K.S.A. 21-4643(d).

11.

In this case, the Court of Appeals majority opinion exceeded its standard of review by reweighing the evidence before the district court. An appellate court does not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicting evidence.

12.

Each mitigating circumstance is not required to sufficiently justify a departure by itself, so long as the collective circumstances constitute a substantial and compelling basis for departure.

Review of the judgment of the Court of Appeals in an unpublished opinion filed November 9, 2012. Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed February 20, 2015. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.

*Christina M. Trocheck*, assistant county attorney, argued the cause, and *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellant.

*Janine A. Cox*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

MALONE, J.: The State appealed the district court's imposition of a departure sentence from a Jessica's Law life sentence under K.S.A. 21-4643(a). In a split decision, the Court of Appeals, concluding there were no substantial and compelling reasons for granting the defendant's departure motion, reversed the district court and remanded the case for resentencing. *State v. Jolly*, No. 106,680, 2012 WL 5519179, at *7 (Kan. App. 2012) (unpublished opinion). We granted defendant's petition for review. We reverse the Court of Appeals and affirm the district court.

On February 11, 2008, William Henry Jolly IV, a/k/a William Jolly, pleaded guilty to one count of rape of a child less than 14 years of age under K.S.A. 21-3502(a)(2) and (c). The sentencing judge found substantial and compelling reasons to grant Jolly's departure request and sentenced him to 300 months' imprisonment. Jolly appealed his

sentence, arguing that the district court, in granting his departure request, failed to impose a sentence pursuant to the sentencing guidelines. We agreed and remanded the case for resentencing. See *State v. Jolly*, 291 Kan. 842, 847, 249 P.3d 421 (2011).

Following this court's remand, the district court again granted Jolly's request for a departure. He was sentenced to 165 months' imprisonment rather than the mandatory minimum of 25 years to life pursuant to K.S.A. 21-4643(d), the statute known as Jessica's Law. The State appealed, arguing the district court abused its discretion in concluding there were substantial and compelling reasons to depart. Jolly seeks review of the divided Court of Appeals opinion that concluded there were no substantial and compelling reasons for granting a departure. Jolly contends: (1) the Court of Appeals erroneously considered aggravating factors when considering the departure under K.S.A. 21-4643(d); and, (2) the Court of Appeals substituted its own findings for those made by the district court.

FACTUAL AND PROCEDURAL BACKGROUND

On Sunday, July 15, 2007, 12-year-old C.E. came over to Jolly's home to play with Jolly's stepson. Jolly was 43 years old and had known C.E. and her family since C.E. was an infant. Jolly knew that C.E. had recently been sexually abused by her mother's boyfriend.

At some point during the visit, Jolly laid down on a bed in the basement and C.E. joined him. According to Jolly, he was curious how desensitized C.E. was from the previous sexual assault. He began touching her "to see how far she would let me go and watch her for any reactions." Jolly's touching of C.E. progressed to rubbing her vaginal area, inserting his finger into her vagina, and ultimately penetrating her vagina with his

5

penis. When he heard a noise upstairs, it brought Jolly "back to reality" and he jumped off the bed. They went upstairs, and C.E. went home.

C.E. returned to Jolly's home the next day, and the two of them tickled and rubbed each other. Jolly nibbled on her neck and breasts. C.E. then asked Jolly why he did what he did to her the day before. Jolly told C.E. that what he did was wrong and it should never have happened.

A day later, C.E. told her grandmother, R.E., that Jolly had raped her while she was at his house. R.E. reported it to the Salina Police Department, and Jolly was interviewed by police the same day. In the interview and in a signed statement, Jolly admitted to both days' incidents.

Jolly was charged with one count of rape of a child less than 14 years of age, in violation of K.S.A. 21-3502(a)(2) and (c) and two counts of aggravated indecent liberties with a child less than 14 years old, in violation of K.S.A. 21-3504(a)(3)(A) and (c). On February 11, 2008, Jolly pleaded guilty to the rape charge and the State dismissed the other charges.

On October 21, 2008, Jolly moved for a departure sentence. Jolly had obtained an evaluation from Dr. Robert W. Barnett, a clinical psychologist. At the departure and sentencing hearing on October 24, 2008, Dr. Barnett testified that Jolly would be a good candidate for probation with relatively little or no danger to the community. Dr. Barnett was cross-examined about his opinion being based on Jolly's reported version of events which differed from what he had told the police. Admitting Jolly's inaccuracies lessened the seriousness of the offense, Dr. Barnett did not change his opinion.

6

The district court granted Jolly's departure request from the mandatory sentence and imposed a sentence of 300 months' imprisonment with lifetime postrelease supervision. The State did not appeal the granting of the departure motion, but Jolly did appeal his sentence. In *Jolly*, 291 Kan. at 847, this court reversed and remanded for resentencing finding that the district court, in granting the departure, failed to follow the statutory requirements in setting the amount of time of imprisonment.

On July 1, 2011, the resentencing hearing was held. Jolly again asked the court to grant his departure request. Jolly relied on the same evidence and arguments that were successful at the original sentencing; *i.e.*, (1) he had no prior record, (2) Jolly's admission and cooperation were meant to prevent any further harm or trauma to C.E., and (3) Dr. Barnett's evaluation indicated that Jolly took responsibility for his actions and was not a risk to the community.

The State opposed the motion, arguing that the only mitigating factor the court could consider under K.S.A. 21-4643(d)(1) was Jolly's lack of a criminal history. In addition, the State contended "the facts in this case would constitute aggravating circumstances here." The State acknowledged Jolly's plea avoided the need to have C.E. testify and then urged the court to deny the departure request. "[B]ut when you consider that isolated factor and the factor of his [lack of a] prior criminal history and you weigh it with the egregious facts of this case, the State submits that clearly there's no substantial and compelling reasons to support a downward departure." Finally, the State argued Dr. Barnett's recommendations were based on Jolly's version of events in which he denied having sexual intercourse with C.E.

Stating she had considered the arguments by Jolly and the State, the district judge found substantial and compelling reasons to depart. The judge based her decision on Jolly's lack of any criminal history; his taking responsibility for the crime by pleading

guilty and the resulting benefit to C.E. by sparing her "further humiliation or embarrassment"; and Dr. Barnett's opinion that Jolly was at low risk to reoffend.

Then the judge imposed the aggravated sentence on the sentencing grid for a severity level 1 offense and a criminal history score of I, 165 months' imprisonment, followed by lifetime postrelease supervision.

This time, the State appealed, claiming the factors relied on by the district court judge did not constitute substantial and compelling reasons to support a sentencing departure. In a divided Court of Appeals opinion, the majority reversed the sentence, reasoning that the lack of criminal history alone was not sufficient to support a downward departure sentence. *Jolly*, 2012 WL 5519179, at *4. The majority reasoned the district court erred in using an inaccurate and incomplete report as the basis for a departure sentence and in finding Jolly took responsibility for the rape. 2012 WL 5519179, at *5-7. Additionally, it found the aggravating factors of his being a 43-year-old, trusted family friend, with knowledge of C.E.'s prior sexual abuse, who decided to assume the role of a lover with her, outweighed his lack of criminal history. 2012 WL 5519179, at *7.

The concurring opinion joined with the majority but noted this court regularly considers aggravating circumstances in our caselaw or at least all the circumstances of the case. *Jolly*, 2012 WL 5519179, at *9 (Buser, J., concurring). The concurrence opined that the district court did not understand "that the mitigating circumstances could be substantial and compelling only when weighed against the aggravating circumstances of this particular case." 2012 WL 5519179, at *10 (Buser, J., concurring). Further, the concurring opinion stated that even if the district court applied the correct standard, there was an abuse of discretion where the mitigating circumstances were ephemeral when considered in context, especially Dr. Barnett's report and Jolly's acceptance of responsibility. 2012 WL 5519179, at *10 (Buser, J., concurring).

The dissenting opinion found the majority improperly reweighed the evidence concerning the departure factors of Dr. Barnett's report and Jolly's taking responsibility for the crime. *Jolly*, 2012 WL 5519179, at \*11-12 (McAnany, J., dissenting). Additionally, the dissent stated it was: (1) inappropriate for the majority to find that aggravating factors outweighed Jolly's lack of a criminal record; (2) inappropriate for the appellate court to weigh aggravating factors against mitigating factors; and, if appropriate, a function of the district court; and (3) inappropriate to consider aggravating factors at all. The dissent questioned how the weighing of aggravated factors against mitigating factors ever became part of the caselaw because that balancing is not found in the Jessica's Law statute. 2012 WL 5519179, at \*12-14 (McAnany, J., dissenting).

Jolly petitioned this court for review, arguing the Court of Appeals majority substituted its own findings for those of the district court and asking for a resolution to the split of opinion between the majority, concurrence, and dissent. We granted review and ordered the parties to file supplemental briefs addressing whether it is appropriate for the district court to consider aggravating circumstances in considering a departure from a Jessica's Law sentence, and if so, the method or manner in which those circumstances should be considered.

## WHAT CIRCUMSTANCES ARE TO BE CONSIDERED FOR A JESSICA'S LAW DEPARTURE?

*Standard of Review*

Analysis of what circumstances can be considered during a Jessica's Law departure hearing involves the interpretation of K.S.A. 21-4643(d). Statutory interpretation is a question of law over which this court has unlimited review. *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826 (2013).

*The Statute:  Jessica's Law, K.S.A. 21-4643*

At the time of Jolly's offense, Jessica's Law, K.S.A. 21-4643, provided that the mandatory minimum term of imprisonment for a first time conviction of rape under K.S.A. 21-3502(a)(2) and (3) was 25 years' imprisonment. As this was Jolly's first offense, K.S.A. 21-4643(d) granted the district court the authority to impose a departure under certain circumstances:

> "On or after July 1, 2006, for a first time conviction of an offense listed in paragraph (a)(1), the sentencing judge shall impose the mandatory minimum term of imprisonment provided by subsection (a), unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure. If the sentencing judge departs from such mandatory minimum term of imprisonment, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure. The departure sentence shall be the sentence pursuant to the sentencing guidelines act, K.S.A. 21-4701 et seq., and amendments thereto, and no sentence of a mandatory minimum term of imprisonment shall be imposed hereunder. As used in this subsection, mitigating circumstances shall include, but are not limited to, the following:

> "(1) The defendant has no significant history of prior criminal activity.
> "(2) The crime was committed while the defendant was under the influence of extreme mental or emotional disturbances.
> "(3) The victim was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor.
> "(4) The defendant acted under extreme distress or under the substantial domination of another person.
> "(5) The capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired.
> "(6) The age of the defendant at the time of the crime."

10

*The Plain Language of K.S.A. 21-4643(d)*

As now presented, Jolly essentially asks this court to adopt the reasoning of the dissent, *i.e.*, the weighing of aggravating factors against mitigating factors is not found in the plain language of the statute and its use in our caselaw is erroneous. The State asks us to adopt the reasoning of the concurrence, *i.e.*, our caselaw routinely considers aggravating circumstances and the court must be able to consider all the facts of the case, whether called aggravating circumstances or something else, in order to determine if there are substantial and compelling reasons to depart.

"The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained." *State v. Kendall*, 300 Kan. 515, 520, 331 P.3d 763 (2014). "When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. Where there is no ambiguity, the court need not resort to statutory construction." *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010).

Jolly argues K.S.A. 21-4643(d) is plain and unambiguous, and the State does not assert otherwise. Indeed, the language of the statute is straightforward: "[T]he sentencing judge shall impose the mandatory minimum term of imprisonment . . . unless the judge finds substantial and compelling reasons, *following a review of mitigating circumstances*, to impose a departure." (Emphasis added.) K.S.A. 21-4643(d). The statute makes no provision for the weighing of aggravating circumstances against the mitigating circumstances to determine if a departure should be imposed. In this way, the statute is unique as other sentencing statutes consider both mitigating and aggravating factors. See K.S.A. 21-4716(c)(1) and (c)(2) (nonexclusive list of aggravating and mitigating factors to consider when considering departure from presumptive sentence under Kansas

11

Sentencing Guidelines Act [KSGA]); see also sentencing for capital crimes K.S.A. 21-4624(c); K.S.A. 21-4625 (listing aggravating circumstances); K.S.A. 21-4626 (listing mitigating circumstances).

In *State v. Spencer*, 291 Kan. 796, 809, 248 P.3d 256 (2011), we discussed the differences in these sentencing statutes when compared to K.S.A. 21-4643(d) and explained why a Jessica's Law departure does not involve a balancing of mitigating and aggravating factors:

> "On structure, no balance between mitigators and aggravators such as that implied in K.S.A. 21-4716 or explicitly provided for in K.S.A. 21-4624(e) or K.S.A. 21-4635(b)-(d) is necessary when Jessica's Law is the starting point. The only way for Jessica's Law to operate is to intensify, if not lengthen, a sentence. It makes 25 years a mandatory minimum, unless certain mitigators justify a departure. Simply put, there is nowhere to go but to a less-intense place."

We are aware that both before and after our decision in *Spencer*, our cases have discussed the weighing of aggravating factors in Jessica's Law cases. See, *e.g.*, *State v. Remmert*, 298 Kan. 621, 630, 316 P.3d 154 (2014) (court considers mitigating circumstances and then weighs against any aggravating circumstances); *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2009) (district judge reviewed mitigating and aggravating factors advanced, engaging in appropriate weighing of competing considerations). However, we now clarify that the plain language of K.S.A. 21-4643(d), which makes no reference to "aggravating circumstances" or aggravating factors, instructs the sentencing court to conduct a review of the mitigating circumstances without balancing them against the aggravating ones.

Accordingly, we disapprove of any language in our caselaw that would indicate aggravating circumstances can be weighed against mitigating circumstances when

12

considering a departure in a Jessica's Law sentencing. See, *e.g.*, *Remmert*, 298 Kan. at 630 (district court considers mitigating circumstances and then weighs against any aggravating circumstances); *State v. Florentin*, 297 Kan. 594, 598, 303 P.3d 263 (2013) (district court reviews mitigating circumstances and then weighs those circumstances against norm defined by legislature and any aggravating circumstances); *State v. Salinas*, 294 Kan. 743, 749, 280 P.3d 221 (2012) (even though there were mitigating factors to be weighed, there were significant offsetting aggravating factors); *State v. Baptist*, 294 Kan. 728, 734, 280 P.3d 210 (2012) (district court does not simply add together total number of mitigating circumstances and then contrast them with total number of aggravating circumstances); *State v. Roberts*, 293 Kan. 1093, 1098, 272 P.3d 24 (2012) (district court complied with its duty to review both mitigating and aggravating circumstances); *Seward*, 289 Kan. at 722 (district judge orally reviewed mitigating and aggravating factors advanced, engaging in appropriate weighing of competing considerations).

*Departure Considerations*

Even though the plain language of K.S.A. 21-4643(d) does not indicate the district court should weigh the aggravating circumstances against the mitigating circumstances in considering a Jessica's Law departure, the district court is not restricted to considering only the mitigating circumstances of the case. And, even though mitigating circumstances must be present for a finding of substantial and compelling reasons, mitigating circumstances do not necessarily equal substantial and compelling reasons. In *State v. Ortega-Cadelan*, 287 Kan. 157, 164, 194 P.3d 1195 (2008), we rejected an argument that each mitigating factor constituted a per se substantial and compelling reason for a departure sentence:

> "Here, the statutory language regarding the consideration of mitigating
> circumstances is clear and unambiguous, stating the judge shall impose a life sentence
> 'unless the judge finds substantial and compelling reasons, following a review of

13

mitigating circumstances, to impose a departure.' K.S.A. 2006 Supp. 21–4643(d). Contrary to [defendant's] argument, this language does not make 'mitigating circumstances' synonymous with 'substantial and compelling reasons.' Rather, there is a two-step procedure: first, the judge reviews mitigating circumstances; second, the judge must determine if there are substantial and compelling reasons for a departure."

In determining if substantial and compelling reasons for departure exist,"[t]his court has defined 'substantial' as 'something that is real, not imagined; something with substance and not ephemeral,' while the term '"compelling" implies that the court is forced, *by the facts of a case*, to leave the status quo or go beyond what is ordinary.'" (Emphasis added.) *Seward*, 289 Kan. at 722 (quoting *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 [2001]).

While K.S.A. 21-4643(d) does not allow a weighing of aggravating factors against mitigating factors, the facts of the case—including any egregious ones—are essential for a judge to consider in deciding if a departure is warranted based on substantial and compelling reasons. Simply stated, a judge does not sentence in a vacuum. The sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime. This includes those "circumstances inherent in the crime and the prescribed sentence." See *Florentin*, 297 Kan. at 598. Provided the sentence imposed is within the statutory limits, "'[i]t is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, *the facts of the case*, and the public safety.'" (Emphasis added.) *State v. Frecks*, 294 Kan. 738, 742, 280 P.3d 217 (2012) (quoting *State v. Vanderveen*, 259 Kan. 836, 842, 915 P.2d 57 [1996]).

In view of the above, the proper statutory method when considering a departure from a Jessica's Law sentence is for the district court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons.

*Application to Jolly*

In light of our interpretation of K.S.A. 21-4643(d), neither the district court nor an appellate court should weigh aggravating factors against mitigating factors in a Jessica's Law case. The district court should follow the steps outlined above, and the appellate court reviews the district court's ruling on the departure decision under an abuse of discretion standard. See *Florentin*, 297 Kan. at 599. Although the Court of Appeals majority engaged in this inappropriate weighing of factors in this case, the district court applied the correct analysis. Accordingly, we next consider whether substantial and compelling reasons supported the district court's imposition of a departure sentence.

DID THE COURT OF APPEALS ERR IN REVERSING THE DISTRICT COURT'S FINDING THAT SUBSTANTIAL AND COMPELLING REASONS EXISTED FOR GRANTING A DEPARTURE SENTENCE?

*Standard of Review*

"An abuse of discretion standard applies to an appellate court's review of a district court's determination of whether mitigating circumstances presented under K.S.A. 21-4643(d) are substantial and compelling reasons for a departure sentence." *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 8, 218 P.3d 432 (2009). "A district court abuses its

discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based." *State v. Smith*, 299 Kan. 962, 970, 327 P.3d 441 (2014).

"When a discretionary decision requires fact-based determinations, a district court abuses its discretion when the decision is based on factual determinations not supported by the evidence." *State v. Gonzalez*, 290 Kan. 747, 757, 234 P.3d 1 (2010). Substantial competent evidence is that which "'possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. In other words, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion.'" 290 Kan. at 757 (quoting *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 2, 136 P.3d 390 [2006], *cert. denied* 549 U.S. 1278 [2007]).

*Analysis*

At the resentencing hearing, the district court considered the same evidence that Jolly presented at the original sentencing and once again found substantial and compelling reasons to depart. Jolly was sentenced to 165 months' imprisonment with lifetime postrelease supervision for his conviction of rape of a child less than 14 years of age. See K.S.A. 21-3502(a)(2) and (c). This time the State appealed, claiming the district court abused its discretion by finding substantial and compelling reasons to grant Jolly a departure. In a split decision, the Court of Appeals reversed and remanded to the district court for a third sentencing hearing. *State v. Jolly*, No. 106,680, 2012 WL 5519179, at *7 (Kan. App. 2012) (unpublished opinion). Jolly contends the Court of Appeals' majority and concurrence improperly reweighed the evidence and substituted its own findings for those of the district court in reversing on appeal.

16

K.S.A. 21-4643(d) sets forth a nonexclusive list of mitigating circumstances for consideration in a Jessica's Law departure. "If the sentencing judge departs from such mandatory minimum term of imprisonment, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 21-4643(d). As discussed above, "[t]his court has defined 'substantial' as 'something that is real, not imagined; something with substance and not ephemeral,' while the term '"compelling" implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary.'" *Seward*, 289 Kan. at 722 (quoting *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 [2001]).

In granting Jolly's departure request, the district court relied on one statutory factor, Jolly's lack of criminal history; and two nonstatutory factors, his taking responsibility for the crimes and Dr. Barnett's psychological report. We review each in turn.

### 1.      *Lack of Criminal History*

The first mitigating factor cited by the district court was Jolly's lack of criminal history under K.S.A. 21-4643(d)(1):

"The Court has considered the arguments made by the defendant and the arguments made by the State, and the Court is going to find in this case that there are substantial and compelling reasons to grant a departure to a guideline sentence in this case. Those reasons are that the defendant has—the first is, the defendant's lack of criminal history. In looking at the defendant's criminal history worksheet, apparently, he has been convicted of no criminal offenses in the past, and the Court does believe that is significant. And one of the reasons is the Court—that does lead the Court to believe that, at least—well, the defendant was 43 years old when the offenses were committed, and that would lead the Court to believe that the defendant has had the ability in the past,

17

anyway, to control his actions, which would hopefully make it less likely for the defendant to re-offend in the future since he has demonstrated some ability to control himself in the past."

On appeal, the Court of Appeals majority discounted the significance of his lack of criminal history:

"There is no evidence in the record on appeal that Jolly controlled his actions in the past, and there is certainly no evidence of what he will or will not do in the future. The evidence is only that he did not have a criminal history. We find that the lack of criminal history is a factor to be considered but it alone is not a substantial and compelling reason for a downward departure sentence, especially because of the facts of this case." *Jolly*, 2012 WL 5519179, at *4.

The dissent commented the majority was asking Jolly to prove a negative, and no evidence established that Jolly had previously engaged in this course of conduct, with C.E. or any other child, prior to his conviction. 2012 WL 5519179, at *11 (McAnany, J., dissenting). Judge McAnany noted that "[t]he legislature specifically identified as a mitigating factor the fact that the defendant has no significant criminal history. See K.S.A. 21-4643(d)(1)." 2012 WL 5519179, at *11 (McAnany, J., dissenting).

Even though the majority minimized the importance of this statutorily expressed mitigator—Jolly's lack of criminal history—both the majority and the dissent concluded Jolly's lack of a criminal history was a mitigating factor to be considered. We agree.

While a single mitigating factor can be substantial and compelling enough to grant a departure from Jessica's Law, *State v. Rochelle*, 297 Kan. 32, 47, 298 P.3d 293, *cert. denied* 134 S. Ct. 270 (2013), "mitigating circumstances" are not necessarily synonymous with "substantial and compelling reasons" under the statute. *State v. Thomas*, 288 Kan.

18

157, 163, 199 P.3d 1265 (2009). In this case, the district judge did not limit her analysis to Jolly's lack of criminal history but considered other mitigating factors in determining if a departure was warranted. We elect to do the same.

2. *Taking Responsibility for the Crime*

A second nonstatutory mitigating factor relied on by the district court was that Jolly took responsibility for his crimes by pleading guilty to rape:

> "[T]he defendant did take responsibility for his actions in this case. He did enter a plea. I can't recall if it was guilty or no contest, but the defendant did accept responsibility for his actions, and the [victim] was not required to testify at trial and was not subject to, you know, further humiliation or embarrassment or further traumatized by that, by being required to testify at trial."

On appeal, the majority acknowledged Jolly's plea but discounted its significance because: (1) the plea agreement allowed him to avoid a trial; (2) Jolly later denied raping C.E. during his evaluation; (3) Jolly asked for leniency asserting he did nothing wrong; and (4) Jolly never apologized to C.E. 2012 WL 5519179, at *6-7. Consequently, it concluded the district court abused its discretion by finding that Jolly took responsibility for the rape.

The dissent disagreed, reasoning the district court heard and obviously rejected Jolly's protestations of innocence. It observed the district court confined its analysis to the fact that Jolly pled guilty to the crime and spared his young victim from having to testify in a public trial. 2012 WL 5519179, at *12 (McAnany, J., dissenting).

We agree with Jolly's assertion that the majority opinion exceeded its standard of review by reweighing the evidence before the district court. See *State v. Reed*, 300 Kan.

19

494, 499, 332 P.3d 172 (2014) ("An appellate court does not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicting evidence."). Regardless of his motives, Jolly spared C.E. from having to testify by pleading guilty. In addition, Jolly's plea of guilty was an admission that he committed the crime against C.E. See K.S.A. 22-3209(1) ("A plea of guilty is admission of the truth of the charge and every material fact alleged therein."). In other words, on the record and in the presence of the eventual sentencing judge, Jolly accepted responsibility for his actions. "[A]cceptance of responsibility can be a mitigating factor in support of a departure" under the KSGA. *State v. Bird*, 298 Kan. 393, 398, 312 P.3d 1265 (2013).

Substantial competent evidence supports the district court's factual finding that Jolly took responsibility for his crime. We find no abuse of discretion in the district court relying on this factor as a mitigating circumstance.

### 3. *Dr. Barnett's Report*

The final nonstatutory mitigating factor relied on by the district court was the opinions rendered by Dr. Barnett that Jolly was not a risk to the community. Dr. Barnett conducted a psychological evaluation of Jolly on June 30, 2008. Although Jolly had previously admitted to the rape in a police interview and signed a statement reflecting the same, he told Dr. Barnett that he only touched C.B.'s breasts and vagina but denied having intercourse with her. Jolly also told Barnett that he pled guilty to raping C.B.

Dr. Barnett testified at the first sentencing hearing. The discrepancies between Jolly's version of events and what Jolly had previously admitted to were explored by the State on cross-examination, *e.g.*, C.B. was 12 years old, not 13; and Jolly inserted his penis in her vagina, not just penetrated her with his fingers. Dr. Barnett opined that this

20

information might have some impact on his recommendation but he did not want to speculate. The district court made the following findings regarding Dr. Barnett's report:

> "The Court has reviewed Dr. Barnett's report and *the Court does take into consideration the State's statement that the defendant was not fully—was not completely truthful with him*. But the court did note some other matters in Dr. Barnett's report, and that was that the defendant had been employed for some time at the time of this offense. Dr. Barnett did not find any evidence of the defendant having any anti-social behaviors. The defendant did not have any previous history of being molested himself, which I think we all know can be significant because frequently those who have been sexually molested are more apt to re-offend. Dr. Barnett found that the defendant did not have any history of mental illness and he did not diagnose him with any psychological disorder. The Court does believe that for those reasons the defendant would present less of a danger to society than an individual that did have a long history of mental illness or had anti-social behaviors. Dr. Barnett found that the defendant did not possess the traits of a pedophile or of a sexual predator. So, for those reasons, the Court is going to find in this case that there are substantial and compelling reasons to grant the defendant the departure in this case to a guideline sentence." (Emphasis added.)

On appeal, the majority found the court's reliance on this report was erroneous:

> "Jolly's description of the crime is totally false. In his testimony at the original sentencing, Dr. Barnett stated, 'Mr. Jolly does not appear to have a history of sexual offending, of being accused or suspected of molesting adolescents or children.' Dr. Barnett also testified, 'It's impossible for me to know in this case what impact it had on the victim. That's really not my charge in this case.' Dr. Barnett's conclusions were based on Jolly's description of his 'crime,' other information supplied by Jolly, and no consideration of what his crime did to C.E. Dr. Barnett never saw the police report. . . .
>
>     . . . .
>
> "Because Dr. Barnett did not have critical information, Dr. Barnett did not have 'the full picture' when he wrote his report. Dr. Barnett's lack of information casts doubt on his entire evaluation. The resentencing court erred in using an inaccurate and incomplete

21

report as the basis for the departure sentence. Dr. Barnett's report does not satisfy the requirement of a substantial and compelling reason for the departure." *Jolly*, 2012 WL 5519179, at \*5.

Jolly again argues the majority exceeded its standard of review by reweighing the evidence concerning Dr. Barnett's evaluation before the district court. We agree. As observed by the dissent, no objection was made to Dr. Barnett's qualifications to testify as an expert, that he lacked a proper foundation for his opinion, or to his report being admitted into evidence. See *Jolly*, 2012 WL 5519179, at \*11-12 (McAnany, J., dissenting). While Jolly clearly provided inaccurate or incomplete information to Dr. Barnett, the district court took those inaccuracies into account in weighing his testimony. By rejecting the district court's conclusion regarding the weight and veracity to be given to Dr. Barnett's testimony and report, the majority erroneously stood in the shoes of the sentencing judge and determined what it would have found. See *State v. Coleman*, 275 Kan. 796, 809, 69 P.3d 1097 (2003) (Court of Appeals improperly reweighed evidence and reached different conclusion than did trial court).

The district court focused on the portion of Dr. Barnett's psychological report and testimony which showed that Jolly displayed no signs of mental disease or defect, that he had no history of alcohol or drug abuse, that he had long employment and a stable relationship with his wife, that he exhibited no signs of pedophilia or sexual predation, that he was unlikely to reoffend, and that he might be a good candidate for probation with psychotherapy and medication. It is clear from the record that the district court was fully aware of both the inaccuracies in Dr. Barnett's report and the facts of the case but found Dr. Barnett's opinions credible. Substantial competent evidence thus supports the district court's reliance on Dr. Barnett's opinion that Jolly did not present a risk to the community. Accordingly, the district judge did not abuse her discretion by relying upon this opinion as a mitigating factor.

22

4.      *Substantial and Compelling Reasons to Depart*

As substantial competent evidence supports the mitigating circumstances relied on by the district court, we shift our review to whether the evidence constituted substantial and compelling reasons to depart under K.S.A. 21-4643(d). Unlike the Court of Appeals majority, the district court did not weigh the aggravating factors against the mitigating factors. In properly following the Jessica's Law statute, the district court first reviewed the mitigating circumstances of the case: Jolly's age along with his absence of criminal record; his pleading guilty to the crime; and Dr. Barnett's report and opinion, which was thoroughly cross-examined. With this factual backdrop, the court determined the mitigating factors supported substantial and compelling reasons to depart. See *State v. Florentin*, 297 Kan. 594, 599, 303 P.3d 263 (2013) ("[E]ach mitigating circumstance [is not] required to sufficiently justify a departure by itself, so long as the collective circumstances constitute a substantial and compelling basis for departure.").

The district court thus made no error in fact or law in its analysis. Essentially, the State's contention is that due to the facts of this case no reasonable person would grant Jolly a departure. Although other reasonable persons may not have granted the departure, we find that a reasonable person could agree with the district judge's determination that a departure was warranted. *Cf.* 297 Kan. at 602 ("Even though we might individually disagree with the district court judge's decision, we cannot say that the district court judge is the only reasonable person who would deny Florentin's motion for departure."). We therefore conclude that the district court did not abuse its discretion when it granted Jolly's departure motion under K.S.A. 21-4643(d).

The judgment of the Court of Appeals is reversed, and the judgment of the district court is affirmed.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 106,680 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals.