NOT DESIGNATED FOR PUBLICATION

No. 115,643

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRENTON BISHOP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL RIOS KINGFISHER, judge. Opinion filed April 14, 2017. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Kendall Kaut*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MCANANY, J., and HEBERT, S.J.

*Per Curiam*:  Trenton Bishop pled guilty to aggravated robbery arising out of a home invasion. In this appeal, he contends the district court abused its discretion by denying a departure from his presumptive sentence of 216 months to 120 months in prison. He argues that he should have received such a departure because his codefendant received a 130-month prison sentence. But we find no abuse of discretion and affirm.

The State charged Bishop with kidnapping, aggravated burglary, and two counts of aggravated robbery arising out of the home invasion. During his jury trial Bishop and the State reached a plea agreement whereby Bishop pled guilty to a single count of

1

aggravated robbery and the State dismissed the remaining charges. Further, they agreed that Bishop could argue for a departure at sentencing.

During the plea hearing, Bishop testified to the following factual basis for his plea. He testified that he, Mark Vickery, Keith White, and Ashley Rayls decided to break into Garren Garner's house. Before going to Garner's house, Bishop smoked methamphetamine and attempted to find a gun so he could defend himself during the break-in. When he could not find a gun, he took a flashlight while Vickery took a baseball bat and White took a knife.

Bishop, Vickery, and White entered Garner's house and threw him to the ground. They forced a woman who was upstairs to come downstairs and started looting the house. According to Bishop, Vickery took a necklace from the woman and grabbed various items of electronics. Garner was able to get a gun and shot White in the neck. Garner ultimately survived. Bishop said that upon hearing the shot, he dropped the stuff he had grabbed and he and the others ran from the house. According to Bishop, all they got from the break-in was "a pipe with about a gram of methamphetamine."

Bishop claimed that he was entitled to a departure sentence of probation or a prison sentence of 120 months, a 96-month departure from the standard Kansas Sentencing Guidelines Act (KSGA) grid prison sentence of 216 months. He claimed he was entitled to a departure because (1) he had "played a minor or passive role" in the crime and was a follower and not a leader; (2) he committed the crime because he wanted to get drugs from Garner, who was a drug dealer; (3) Bishop was addicted to methamphetamine at the time but now was sober; (4) he claimed he had no criminal history of violent crimes (although had been granted a departure sentence of probation for aggravated indecent liberties with a 15-year-old child about 2 months before his current crime); (5) he had good family support; (6) he had been young, immature, and under the influence of drugs when he committed the crime; (7) he had taken advantage of his time

2

spent incarcerated to complete his high school degree; (8) he had cooperated with the police; (9) he had taken full responsibility for his actions; (10) White was the only person who suffered injuries during the crime; and (11) White had received a 130-month prison sentence.

In sentencing Bishop to a durational departure sentence of 180 months' imprisonment followed by 36 months' postrelease supervision, the district court stated:

"You indicate that you were a follower, not a leader. I am not compelled by that. I don't believe that you were a leader. I believe you were a participant. Even if you were a follower[,] that makes your acts or your impulsivity even more concerning for the Court with regard to the safety of the community.

"Counsel has indicated that you've had no prior acts of violence. There is a battery on law enforcement officer. I don't necessarily consider agg[ravated] indecent liberties not an act of violence. The person who is affected here was a child. . . .

"I disagree with the contention that . . . the degree of harm in this matter was less than . . . typical of this type of offense. A man was shot. Someone's home was broken into. . . . Someone could have died. It could have been you. . . . The fact that Mr. White, a codefendant was sentenced to a different term for a different crime for the same crime that was committed, I can't even comment on that because I don't know what happened in Mr. White's case. . . . I won't find that a compelling reason to depart in this case.

"The only thing that I could possibly look at in your favor is maybe that you were a young man, [a] 26-year old and that you have made some efforts while you are in prison to try and improve yourself; but I am not compelled that . . . it warrants a dispositional departure to probation.

"I've considered some alternatives, and I do believe that you should serve a lengthy prison sentence for what you've done. I believe that since you've been in custody you have been off of illegal substances; and that has caused you to take a look at your life; but I think if you were out, I think you'd be doing the same thing over again.

"What the Court would do is, the Court would find some substantial and compelling reason to depart durationally to a term of 180 months with the Kansas Secretary of Corrections. . . . . [T]he rationale . . . for that is defendant's age and maturity at the time and the rehabilitation efforts he's taken since he has been in custody.

3

"The Court is also aware that the defendant has some mental illness for which he was evaluated at Larned State Security Hospital. . . . [T]he Court would find the fact that he was under the influence of a mental illness at the time that this happened would be substantial and compelling as well."

Bishop appeals, claiming the district court erred by not departing further to 120 months' imprisonment because White received a 130-month sentence. We review the district court's ruling by applying the abuse of discretion standard, pursuant to which we consider whether the district court's ruling was unreasonable or was based on an error of fact or law. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Under K.S.A. 2016 Supp. 21-6818(a),"the sentencing judge *may* depart from the sentencing guidelines." (Emphasis added.) A departure sentence is predicated on a finding of substantial and compelling reasons to depart. K.S.A. 2016 Supp. 21-6815(a). A substantial reason is "something that is real, not imagined, something with substance and not ephemeral." *State v. Jolly*, 301 Kan. 313, Syl. ¶ 9, 342 P.3d 935 (2015). A compelling reason "implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary." 301 Kan. 313, Syl. ¶ 9.

Bishop apparently contends that White's 130-month prison sentence, in and of itself, was so substantial and compelling that it required the district court to grant his full 96-month departure request. But we note that White apparently pled guilty to aggravated burglary, a severity level 4 person felony, while Bishop pled guilty to aggravated robbery, a more serious level 3 person felony. See K.S.A. 2016 Supp. 21-5420(c)(2); K.S.A. 2016 Supp. 21-5807(c)(2)(A).

In any event, a "[d]isparity in the sentences of the codefendants does not amount to abuse of discretion 'where the trial court considers the individual characteristics of the defendant being sentenced, the harm caused by that defendant, and the prior criminal

4

conduct of that defendant.' [Citation omitted.]" *State v. Smith*, 254 Kan. 144, 155, 864 P.2d 709 (1993)

Here, the district court found there were substantial and compelling reasons to depart from Bishop's presumptive KSGA grid sentence and to grant a 36-month departure. But in considering Bishop's individual characteristics, the harm he caused and could have caused, as well as his past criminal history, the court concluded that Bishop was not entitled to a further departure to 120 months' imprisonment. This conclusion was reasonable regardless of Bishop's claim that White received a 130-month prison sentence. The facts unique to Bishop's case did not compel a further departure beyond the 120 months the court imposed. We find no abuse of discretion here.

Affirmed.