NOT DESIGNATED FOR PUBLICATION

Nos. 117,105
117,183

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID CANTRELL SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed January 19, 2018. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM:  David E. Cantrell Sr. appeals the district court's denial of his motion to depart to the sentencing grid following his convictions of rape and aggravated indecent liberties with a child in two separate Jessica's Law cases. Finding no abuse of discretion, we affirm the district court's judgment.

The relevant facts are straightforward and uncontested. The State charged Cantrell with four counts of off-grid rape and one count of aggravated indecent liberties with a child, a severity level 3 person felony, in 16CR2758. The State also charged Cantrell with

one count of off-grid aggravated indecent liberties with a child in 16CR2826. For purposes of this appeal, we do not need to address in detail the underlying facts supporting the charges. On October 18, 2016, pursuant to a plea agreement, Cantrell pled guilty to one count of off-grid rape and the severity level 3 aggravated indecent liberties in 16CR2758, as well as the off-grid aggravated indecent liberties in 16CR2826. In exchange for Cantrell's plea, the State dismissed the remaining charges in 16CR2758.

Prior to sentencing, Cantrell filed a motion for departure in each of his cases, requesting a departure to the sentencing grid for his off-grid convictions. As mitigating factors for the departure, Cantrell indicated: (1) that he opted to enter a plea early in the prosecution; (2) that he is 59 years of age and has no scoreable criminal history; (3) that he waived potential defenses in exchange for accepting responsibility for his conduct; and (4) that even if he served less than a life sentence, he would still be subject to substantial supervision and restrictions upon his release from prison.

The district court held a sentencing hearing on November 30, 2016. At the hearing, Cantrell's counsel reiterated the mitigating factors from the departure motion, and the State opposed any departure. After hearing the arguments, the district court denied Cantrell's departure motion. The district court noted that under the facts of the two cases, sexual abuse occurred about 50 different times to multiple victims. The district court sentenced Cantrell to a "hard 25" life sentence for each of the off-grid convictions and a 59-month sentence for the severity level 3 aggravated indecent liberties conviction. Cantrell filed a notice of appeal and the cases have been consolidated on appeal.

On appeal, Cantrell argues that the district court "erred in failing to give proper weight to [his] age and lack of criminal history before denying his motion for a departure to the sentencing grid." He goes on to review each of the mitigating factors raised in his departure motion and contends that substantial and compelling reasons existed for the

district court to depart to the sentencing grid. The State contends that Cantrell did not present substantial and compelling reasons to depart.

An appellate court will not reverse a sentencing court's denial of a departure under Jessica's Law unless the court abused its discretion in considering the mitigating factors and circumstances of the case. *State v. Randolph*, 297 Kan. 320, 336, 301 P.3d 300 (2013). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

Our Supreme Court has stated that the proper statutory method when considering a departure from a Jessica's Law sentence is for the district court to first review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). Then, in considering the facts of the case, the district court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence of life imprisonment. 301 Kan. at 324. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons. 301 Kan. at 324.

In the context of a departure motion, "substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go beyond what is ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

Cantrell's brief is unclear how the district court abused its discretion in denying the departure motion. Cantrell does not argue that the district court's ruling was based on an error of fact or law. Instead, he implicitly argues that no reasonable person would have taken the view adopted by the district court in denying the departure motion.

As stated above, Cantrell cited four mitigating factors in his departure motion: (1) his early guilty plea; (2) his 59-year-old age and lack of criminal history; (3) his waiver of potential defenses in exchange for accepting responsibility for his conduct; and (4) the fact that he would be subject to substantial supervision and restrictions upon his eventual release from prison. Although Cantrell's mitigating factors may have been substantial, we cannot say that the district court abused its discretion in finding that they were not compelling reasons to depart from the presumptive sentence of life imprisonment.

Cantrell's age of 59 years is not necessarily a compelling reason to depart, even though it means that he may not be able to completely serve a hard 25 sentence. On the other hand, Cantrell should have known at his age that his conduct was wrong. Some might find Cantrell's quick guilty plea and lack of criminal history compelling, but considering the fact that the sexual abuse occurred about 50 different times with multiple victims, any compelling value of these mitigating factors is diminished. Although Cantrell may have waived potential defenses in exchange for his plea, he also received the substantial benefit of having three off-grid rape charges dismissed. Finally, the fact that Cantrell will be subject to supervision upon his release from prison applies to all defendants and does not seem to be a compelling reason to depart from the status quo.

Perhaps another sentencing judge may have granted Cantrell some relief on his departure motion, and we would review such a decision for an abuse of discretion. But here, the district court denied Cantrell's motion to depart to the sentencing grid, finding that the asserted grounds for departure were not substantial and compelling. Cantrell bears the burden of showing that the district court abused its discretion in denying his

4

departure motion. See *Robinson*, 303 Kan. at 90. Applying our standard of review to the record presented in this case, we are unable to say that no reasonable person would have taken the view adopted by the district court. Thus, we conclude the district court did not abuse its discretion in denying Cantrell's motion to depart.

Affirmed.