NOT DESIGNATED FOR PUBLICATION

No. 117,720

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW J. HOLLENBECK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed September 14, 2018. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., BRUNS and GARDNER, JJ.

PER CURIAM:  Matthew J. Hollenbeck pleaded guilty to one count of aggravated indecent liberties with a child and was sentenced under Jessica's Law to life imprisonment with no possibility of parole for 25 years. On appeal, Hollenbeck argues the court erred in denying his presentence motion to withdraw his guilty plea and in denying his motion for downward departure. Finding no abuse of discretion, we affirm.

FACTS

In August 2015, Matthew J. Hollenbeck's 11-year-old stepdaughter reported that Hollenbeck had touched her vagina and tried to have sex with her several times the previous summer. Wichita Police Detective Derek Purcell questioned Hollenbeck, who admitted to his stepdaughter's allegations. The State charged Hollenbeck with one count of aggravated indecent liberties with a child under K.S.A. 2014 Supp. 21-5506(b)(3)(B). The court appointed Joshua Wright from the public defender's office to represent Hollenbeck, but Hollenbeck hired Ryan Gering as his privately retained counsel a few months later.

After Gering and Hollenbeck discussed the possible punishment for an aggravated indecent liberties conviction, Hollenbeck said he was interested in a plea deal. But when Gering provided Hollenbeck with the State's plea offer, Hollenbeck decided not to take it. Later, after communication between Gering and Hollenbeck broke down, the district court allowed Gering to withdraw his representation and reappointed Wright to represent Hollenbeck. Wright prepared for trial and filed six motions, including a request that the court find Hollenbeck's admissions to police inadmissible at trial because they were involuntarily made.

On the Friday before trial was set to begin, the district court held a hearing to consider Hollenbeck's motions. Earlier that day, the State had amended the criminal complaint to add three more charges against Hollenbeck—two additional counts of aggravated indecent liberties and one count of violation of a protective order. With the parties' consent, the court indicated it would decide first whether there was probable cause to bind Hollenbeck over on the two new felony charges and then would rule on Hollenbeck's motions.

After hearing testimony from Detective Purcell about interviews he conducted with witnesses and with Hollenbeck, the district court found probable cause to bind Hollenbeck over for trial on the two additional counts of aggravated indecent liberties. Based on Detective Purcell's testimony about the interview he conducted with Hollenbeck, as well as on the arguments of counsel, the court determined the admissions by Hollenbeck during the interview were voluntarily made and, therefore, admissible at trial. The court then ruled on the balance of Hollenbeck's motions.

At this point in the proceeding, Wright requested a few minutes to discuss the State's plea offer with Hollenbeck. The State told Hollenbeck that the offer had to be accepted by the end of court that day, otherwise it would withdraw the offer and prepare the victim for trial over the weekend. The court ordered a recess. Fifteen minutes later, Hollenbeck returned to the courtroom with signed copies of the plea documents.

Hollenbeck told the court that he had read the plea documents, he went over them with his attorney, he understood the consequences of the plea, he wanted to enter the plea, and he was not being coerced into doing so. In exchange for Hollenbeck's guilty plea, the State agreed to dismiss the three new charges added to the complaint earlier that day and to recommend the presumptive sentence for aggravated indecent liberties. The court accepted Hollenbeck's plea. The State subsequently dismissed the three new charges.

Before sentencing, however, Hollenbeck moved to withdraw his plea. In support of his motion, Hollenbeck alleged he was coerced into taking the plea. The district court held an evidentiary hearing on Hollenbeck's motion and heard testimony from Hollenbeck, Gering, and Wright. The court ultimately denied the motion, finding Hollenbeck had failed to establish good cause to withdraw his plea.

Hollenbeck also filed a downward departure motion, seeking a shorter sentence. The court denied that motion as well, and sentenced him under Jessica's Law to the presumptive sentence of life in prison with no possibility of parole for 25 years.

ANALYSIS

1. *Motion to withdraw guilty plea*

Hollenbeck claims the district court erred in denying the presentence motion to withdraw his guilty plea. Hollenbeck had the burden of showing good cause to withdraw his plea. We apply the abuse of discretion standard in deciding whether the district court erred by finding Hollenbeck failed to meet his burden to show good cause. See K.S.A. 2017 Supp. 22-3210(d)(1); *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006); *State v. Ruiz*, 51 Kan. App. 2d 212, Syl. ¶ 1, 343 P.3d 544 (2015). The district court abuses its discretion when no reasonable person could agree with the court's decision or if its decision is based on an error of law or fact. *State v. Morrison*, 302 Kan. 804, 812, 359 P.3d 60 (2015).

When determining whether a defendant showed good cause, the district court must consider the three factors our Supreme Court discussed in *Edgar*: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Edgar*, 281 Kan. at 36; *Ruiz*, 51 Kan. App. 2d 212, Syl. ¶ 2. Although the district court analyzed all three factors in finding that Hollenbeck failed to establish the good cause necessary to permit him to withdraw his plea, Hollenbeck's appeal only challenges the court's decision with regard to the second and third *Edgar* factors.

a. *Misled, coerced, mistreated, or unfairly taken advantage of*

Hollenbeck argues the State's strategy of waiting until the Friday before trial to lodge three more criminal charges against him essentially coerced him into taking the plea deal offered. He claims he never wavered in his desire to proceed to trial but after the new charges were filed the Friday morning before trial, he came to believe that taking the plea was his only option. Hollenbeck asserts he had only "10-15 minutes to decide to take the plea or face the risk of additional punishment" in the event he proceeded to trial on Monday. Hollenbeck also claims he took the plea offer only because his attorney told him to.

After hearing testimony from Hollenbeck, Gering, and Wright, the district court found no evidence that Hollenbeck had been misled, coerced, or mistreated. Although Hollenbeck said he had only 10-15 minutes to consider the plea and decide whether to take it, the court found evidence in the record that the plea "had been on the table for quite some time, that it had been previously read to [Hollenbeck], [and] gone over with [Hollenbeck]." In addition, the court was not persuaded by Hollenbeck's claim that Wright coerced him into taking the plea. The court observed that Wright was "very methodical, very articulate, but [did] so in [a] very controlled manner without ever raising [his] voice[]." The court found Hollenbeck's claim of coercion to be inconsistent with testimony presented at the hearing and with Wright's demeanor in the courtroom throughout the case.

The record supports the court's conclusion. Gering testified that the State offered Hollenbeck the plea deal months before trial. Instead of dismissing the additional charges lodged against him, however, the State offered to refrain from filing the additional charges if Hollenbeck would enter a guilty plea to the single count lodged against him. Wright confirmed that this particular offer "remained the offer throughout the conclusion

5

of the case," meaning Hollenbeck had four to five months to accept it. So Hollenbeck knew for months that the State planned to file more charges.

Moreover, there is no evidence to show that Wright forced Hollenbeck to plead. In assessing the case, Wright told Hollenbeck "that he was likely to be convicted at a jury trial[,]" but also "told him he had a right to that trial, he had the right to fully assert his rights under law, which would include having a jury of 12 people decide his guilt or innocence, not me." Wright testified Hollenbeck chose to take the plea because Hollenbeck did not want to make his stepdaughter testify about her allegations against him at a trial.

b. *Fairly and understandingly made*

Hollenbeck also claims that he did not understand his plea deal. Hollenbeck says his attorneys told him that "the number that's on the [plea documents] doesn't mean anything because they have the ability to give lesser time, because their plea bargain or something." He says that his attorneys went over the plea documents days before but did not go over the plea documents with him again during the 15-minute conference he had with them before he entered his plea.

The district court found that Hollenbeck's plea was fairly and understandingly made. The court stated it did not believe Hollenbeck's testimony asserting his attorneys told him that the sentencing number did not mean anything. The court reminded Hollenbeck that the court had gone over the range of punishment with him (a presumptive life sentence) and had told Hollenbeck that it was for the court to decide what the sentence would be—not the State. The court reminded Hollenbeck that he had testified under oath that he understood his plea agreement and wanted to enter it. Last, the court found that the State had offered Hollenbeck the same plea deal before the hearing, and that Wright had gone over that deal with Hollenbeck.

The district court's finding that Hollenbeck's plea was fairly and understandingly made is supported by the evidence. Before accepting his plea, the court told Hollenbeck that under the plea agreement, the State would recommend the presumptive sentence of life with a minimum of 25 years. The court said that Hollenbeck could seek less time but that the State would oppose it. When asked if he understood the sentencing recommendation part of the plea agreement, Hollenbeck answered, "Yes." Although Hollenbeck asserted otherwise, both of his attorneys testified that they advised Hollenbeck that he faced life in prison. While the record does not show whether Wright read the plea documents to Hollenbeck in the 15 minutes before taking the plea, Wright testified that he had gone over the details of the plea agreement before the hearing that day, a fact that Hollenbeck does not dispute.

In sum, the district court properly considered the *Edgar* factors when making its decision, and did not base its decision on any mistaken legal or factual premise. A reasonable person could agree with the court's decision to deny Hollenbeck's motion to withdraw his guilty plea. Thus, the district court did not abuse its discretion by denying Hollenbeck's motion.

2. *Motion for downward departure sentence*

Hollenbeck argues the district court abused its discretion by denying his motion for a departure sentence from 25 years in prison without the possibility of parole to 155 months in prison. Hollenbeck says the district court did not follow the two-step procedure mandated by our Supreme Court in *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015), when determining whether any mitigating circumstances justified a downward departure sentence in his case.

When reviewing the decision to deny a motion to depart in a Jessica's Law case, this court reviews the district court's decision to grant or deny the departure only for an

abuse of discretion. *Jolly*, 301 Kan. at 325. A district court abuses its discretion if it makes an error of fact or law or if its discretionary judgment call is one that no reasonable person could agree with. 301 Kan. 313, Syl. ¶ 7. The failure to follow the two-step procedure set out in *Jolly* is an abuse of discretion because the resulting decision is based on an error of law. *State v. Sullivan*, No. 114,369, 2016 WL 4413563, at *3 (Kan. App. 2016) (unpublished opinion).

The district court's sentencing options under Jessica's Law are set out in K.S.A. 2017 Supp. 21-6627. Under that statute, the district court must sentence a defendant who is 18 years or older and convicted of aggravated indecent liberties to life in prison with no possibility of parole for 25 years. For a first time offender, the district court may impose a shorter "departure sentence," but only if it "finds substantial and compelling reasons, following a review of mitigating circumstances." K.S.A. 2017 Supp. 21-6627(d)(1). K.S.A. 2017 Supp. 21-6627 provides a nonexhaustive list of possible mitigating factors, including the defendant's lack of significant criminal history. K.S.A. 2017 Supp. 21-6627(d)(2).

In *Jolly*, our Supreme Court explained how a district court must analyze a departure motion under Jessica's Law. In that case, the court set out the following procedure the district court must follow to determine whether the defendant should receive a downward departure from a Jessica's Law sentence.

> "[T]he proper statutory method when considering a departure from a Jessica's Law sentence is for the district court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons." 301 Kan. at 324.

Hollenbeck's motion for downward departure only cited to one mitigating factor—that he had never been convicted of a crime "of a similar nature." Hollenbeck pointed to his criminal history score of I (the least serious criminal history classification) and argued that "based on [the] limited and hardly anything . . . criminal history, as well as having no crimes of this nature, that is a substantial and compelling reason to depart." The State argued that there were no mitigating factors and that a departure was not appropriate since Hollenbeck abused his position of power over his stepdaughter and tried to have others persuade her to change her story.

After hearing arguments from Hollenbeck and the State, the district court judge said,

> "Thank you. What we do is we . . . look at the nature of the crime that you have been convicted of. We look at your history and your character. We look at your condition. We look at what the normal sentence is, and, of course, this is lifetime with eligible parole after 25 years, and we will talk about that in just a minute. I have to look at what is consistent with the needs of the public out there, to keep them safe, as safe as I possibly can; the seriousness of the crimes, and you know this conviction is a very, very serious crime.
>
> "So what I'm going to do is sentence you in this one and only count to life in [prison]. You are not eligible for parole for 25 years. . . .
>
> . . . .
>
> "I am not going to put you on probation. It would be inappropriate for me to do that. I note the argument has been raised by the defense and by you. The reason that I am not is there have to be substantial and compelling reasons to deviate, to grant a dispositional departure, but I don't think that they are there. I don't think that either one is there. I don't see the mitigating factors here, so it would be inappropriate for me to put you on probation, and I am not going to do that."

Hollenbeck argues that the district court failed to comply with the required procedure set forth in *Jolly* based on the court's failure to "mention the factors Mr.

9

Hollenbeck argued in his departure motion." But under the procedure set forth in *Jolly*, a district court is not required to make findings or state its reasons when *denying* a departure request under Jessica's Law. *State v. Powell*, 308 Kan. __, __ P.3d ___ (No. 115,457, filed August 24, 2018), slip op. at 18-19; *State v. Dull*, 298 Kan. 832, 842, 317 P.3d 104 (2014); see *State v. Albanil-Alvarado*, No. 115,553, 2017 WL 383888, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 306 Kan. 1320 (2017).

Hollenbeck appears to suggest that the judge may have considered aggravating factors against him. But there is no evidence in the record supporting this claim. While the district court judge said that Hollenbeck's crime was serious, and that he had to consider the safety of the public, *Jolly* directed district courts to consider whether a departure is warranted in light of the facts of the case and the public safety. 301 Kan. at 323-24. That's exactly what the district court did here. Although reasonable people might disagree as to whether the proposed mitigating factor constituted substantial and compelling reasons to depart, the district court's decision is not one that no reasonable person could agree with; therefore, the district court did not abuse its discretion. See *State v. Jackson*, No. 117,029, 2018 WL 2272590, at *12 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* June 14, 2018 (finding similar language from same judge was not an improper weighing of aggravating circumstances in violation of *Jolly*).

Finally, Hollenbeck argues the district court abused its discretion by denying his departure motion because the court did not understand its sentencing options. In support of this argument, Hollenbeck cites to the following excerpt as evidence that the district court judge must not have understood the law:

> "I am not going to put you on probation. It would be inappropriate for me to do that. I note the argument has been raised by the defense and by you. The reason that I am not is there have to be substantial and compelling reasons to deviate, to grant a dispositional departure, but I don't think that they are there."

As Hollenbeck points out in his brief, probation was not an option in his case. See K.S.A. 2017 Supp. 21-6818(a) ("The sentencing judge shall not impose a downward durational departure sentence for any crime of extreme sexual violence . . . to less than 50% of the center of the range of the sentence for such crime."). But even if the court thought it could sentence Hollenbeck to probation, there's no indication the sentence the district court actually imposed was influenced by that misunderstanding. Instead, the court imposed the presumptive sentence of life in prison, finding that a departure was not appropriate.

In sum, the court's decision to deny Hollenbeck's departure motion was not based on an error of fact or law, and a reasonable person could agree that there were not substantial and compelling reasons to depart. Thus, the district court did not abuse its discretion in denying his motion.

Affirmed.