NOT DESIGNATED FOR PUBLICATION

No. 112,656

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES FRANKLIN ATKISSON, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Anderson District Court; ERIC W. GODDERZ, judge. Opinion filed October 23, 2015. Sentence vacated and case remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  James Franklin Atkisson, Jr., appeals the denial of his motion for downward departure after a sentencing under Jessica's Law. Atkisson, age 46, pled no contest to rape for having sexual intercourse with a 13-year-old victim. In response to his plea, the State dropped a second count of rape and officials in a neighboring county agreed not to prosecute for other charges associated with the case. The district court denied Atkisson's departure request and sentenced him to life imprisonment without the possibility of parole for 25 years.

1

The only issue raised in this case is the denial of Atkisson's motion for downward departure from his sentence under Jessica's Law. Recently, the Kansas Supreme Court provided guidance in *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015), concerning a sentencing court's examination of mitigating factors in a Jessica's Law case:

> "The proper statutory method when considering a departure from a Jessica's Law sentence is for the sentencing court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the sentencing court must state on the record those substantial and compelling reasons." 301 Kan. 313 Syl. ¶5.
>
> "In light of our interpretation of K.S.A. 21-4643(d), neither the district court nor an appellate court should weigh aggravating factors against mitigating factors in a Jessica's Law case." 301 Kan. 313, Syl. ¶6.

In Atkisson's case, aggravated factors were weighed against mitigating factors. In making a decision on whether or not to grant the departure, the district court stated it was "troublesome" that there were two different counties involved and this was not an isolated incident. The court also stated it was troubled by the great age difference between Atkisson and the victim. The judge concluded:

> "I think that the penalty is severe in this particular case, but the problem is, I don't find that the reasoning set forth in the motion for departure justifies a departure in this particular case. Granted you have a limited criminal history and this may in fact be your [first] sexual offense conviction, but weighing those factors against the other items that the Court's indicated, the Court doesn't believe that a departure is justified in this particular case."

The district court expressly stated it was "weighing" the mitigating factors of Atkisson's limited criminal history and that this was his first sex offense against the facts that related charges occurred in multiple counties, this was not an isolated incident, and the age difference. In light of *Jolly*, we remand this case as directed to the district court to make the necessary findings to comply with *Jolly*.

Sentence vacated and case remanded with directions.