NOT DESIGNATED FOR PUBLICATION

No. 114,117

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY STAGGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Marshall District Court; JOHN L. WEINGART, judge. Opinion filed May 20, 2016. Affirmed.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Laura E. Johnson-McNish*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*: In 2012, Timothy Staggs pled no contest to one count of aggravated incest, intercourse, or sodomy with a relative between 16 and 18 years old, in violation of K.S.A. 2012 Supp. 21-5604(b)(2)(A), (c)(2)(A). The district court sentenced Staggs to 32 months' imprisonment and a 24-month term of postrelease supervision. Near the end of Staggs' custodial term, the Kansas Department of Corrections advised the court that Staggs' conviction qualified as a sexually violent offense and, as a result, he was required under statute to be sentenced to a lifetime term of postrelease supervision. After a hearing on a motion to correct an illegal sentence, the court found that Staggs was subject to a

statutorily mandated lifetime term of postrelease supervision. The court modified the postrelease supervision portion of the sentence to conform to statute. Skaggs appeals.

At the hearing on the legality of the postrelease supervision portion of Staggs' sentence, Staggs was represented by appointed counsel. The district court first offered Staggs an opportunity to move to withdraw his plea, as neither trial counsel nor the court had correctly advised him regarding postrelease supervision. Skaggs declined to do so. Staggs' attorney asked the court to uphold the original sentence, arguing that a final sentence could not be changed to make it harsher once the sentence was entered. The district court asked counsel, "[D]idn't you also say that you felt that perhaps maybe this provision of the law requiring post-release supervision for the duration of the person's life might be cruel and unusual punishment?" Counsel replied, "I would completely agree with that, your Honor." The court followed up by also asking, "And it might not meet constitutional standards of equal protection?" Counsel replied, "Agree with that, as well." The court did not further discuss counsel's argument, nor did counsel request any findings of fact or conclusions of law with respect to the cruel and unusual punishment argument.

The district court found that the original postrelease supervision sentence was illegal and corrected that portion of the sentence, changing it from a 24-month term to a lifetime term. Staggs appeals.

Staggs argues the district court lacked jurisdiction to modify his sentence because a sentence—once final—cannot be altered to be harsher than originally imposed. He contends his sentence was final in 2012 and the court had no authority in 2015 to increase his postrelease supervision term from 24 months to life.

The State responds that the district court retained the statutory jurisdiction to correct an illegal sentence. The State contends that Skaggs' sentence was illegal because the 24-month term of supervised release conflicted with a statutory mandate that all

individuals convicted of sexually violent offenses must be sentenced to a lifetime supervision term.

Questions of jurisdiction and statutory interpretation are reviewed de novo and can be raised at any time. *Ryser v. State*, 295 Kan. 452, 457, 284 P.3d 337 (2012); *State v. Portillo*, 294 Kan. 242, 274 P.3d 640 (2012). Courts generally lack jurisdiction to increase a lawfully imposed sentence, but an illegal sentence can be corrected at any time. *State v. Ballard*, 289 Kan. 1000, 1010-11, 218 P.3d 432 (2009). Illegal sentences include sentences that do not comply in either character or length with statutory provisions, and a term of postrelease supervision is part of the sentence. 289 Kan. at 1010; *State v. Gaudina*, 284 Kan. 354, 358, 160 P.3d 854 (2007) (postrelease supervision is considered part of a defendant's full sentence). Under statute, "persons convicted of a sexually violent crime on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's life." K.S.A. 2012 Supp. 22-3717(d)(1)(G). Aggravated incest, intercourse, or sodomy with a relative between 16 and 18 years old, a violation of K.S.A. 2012 Supp. 21-5604(b)(2)(A), is statutorily defined as a sexually violent crime. K.S.A. 2012 Supp. 22-3717(d)(2)(J). When a postrelease supervision term is based on the wrong statute, district courts possess jurisdiction to correct the illegal sentence and impose a legal sentence under the correct statute. *Ballard*, 289 Kan. at 1012 (affirming and recognizing district court jurisdiction for modification of postrelease supervision term from 36 months to life when the initial term was illegal for failure to comply with K.S.A. 22-3717[d][1][G]).

The facts of this case are nearly identical to those in *Ballard*, with the only significant distinction being the sentence modification occurred in this case shortly before the original postrelease supervision term was about to expire, while, in *Ballard*, the modification occurred just a few weeks after initial sentencing for a different sexually violent offense. 289 Kan. at 1003-04. The analysis in both cases is the same. The initial

24-month postrelease supervision term was illegal, based on its failure to comply with the mandatory life term of supervision requirement of K.S.A. 22-3717(d)(1)(G), and Staggs has not argued that the initial term was anything but illegal. The district court always had jurisdiction to correct the illegal postrelease supervision portion of Staggs' sentence by imposing a legal sentence under K.S.A. 22-3717(d)(1)(G). K.S.A. 22-3504 ("The court may correct an illegal sentence at any time."); *Ballard*, 289 Kan. at 1010-12. We affirm the district court's action.

Procedurally, Staggs argues that he preserved a challenge to the modification of his postrelease supervision term as cruel and unusual and a violation of the Eighth Amendment to the United States Constitution and the Kansas Constitution because the district court raised the issue and trial counsel agreed with the court that it was an issue. The court failed to make any findings under *State v. Freeman*, 223 Kan. 362, 574 P.2d 950 (1978), and Staggs' alleges the failure to request such findings was trial counsel's fault, not his. He contends that we should remand the case to the district court for a hearing on the *Freeman* factors.

The State responds that Staggs failed to ensure that the district court made findings and conclusions regarding his cruel and unusual punishment claim that were adequate for appellate review and, as a result, the issue is not properly before us. The State contends Staggs failed to preserve his challenges to his sentence under both the United States and Kansas Constitutions.

It is not clear from the record that Staggs adequately raised a *Freeman* challenge to the district court at the sentence modification hearing. While the court seemingly recognized that Staggs had mentioned a cruel and unusual punishment claim, Staggs' attorney merely acknowledged that he had mentioned such a claim and failed to present any argument or request findings with respect to the *Freeman* factors. It is a litigant's duty to ensure that a cruel and unusual punishment argument is adequately raised to the

4

district court and that the district court makes sufficient findings for appellate review. *State v. Naputi*, 293 Kan. 55, 67-68, 260 P.3d 86 (2011); *State v. Seward*, 289 Kan. 715, 721, 217 P.3d 443 (2009), *disapproved on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015) ("[A] defendant who wishes to appeal on the basis of a constitutional challenge to a sentencing statute must ensure the findings and conclusions by the district court are sufficient to support appellate argument.")

In previous cases involving identical challenges to the mandatory lifetime supervision sentencing statute, the Kansas Supreme Court has declined to remand for additional findings if the defendant failed to ensure that the district court made adequate findings and conclusions. See *e.g. State v. Boleyn*, 297 Kan. 610, 631, 303 P.3d 680 (2013); *State v. Rogers*, 297 Kan. 83, 90, 298 P.3d 325 (2013). We must likewise decline to grant Staggs' request for a second chance to properly raise the issue before the district court.

Additionally, Staggs only discusses the *Freeman* analysis in his brief, which applies when assessing a sentence under Section 9 of the Kansas Constitution. He makes a passing mention of the Eighth Amendment, but he does not cite any federal cases or make a separate argument for remand of the federal constitutional issue. Accordingly, by failing to adequately brief this matter, he has abandoned any argument that we should remand for a hearing on any Eighth Amendment violations presented by the modification of his sentence. *State v. Gomez*, 290 Kan. 858, 866, 235 P.3d 1203 (2010) (holding that a litigant abandoned an Eighth Amendment argument by only making a passing citation to the Amendment in his brief without any supporting federal cases or argument).

The State argues that the facts and circumstances of Staggs' conviction and sentence are substantively identical to those in *State v. Mossman*, 294 Kan. 901, 281 P.3d 153 (2012) and *State v. Cameron*, 294 Kan. 884, 281 P.3d 143 (2012), in which the court rejected categorical Eighth Amendment challenges to the lifetime postrelease supervision

term required for those guilty of sexually violent offenses. The State contends Staggs is categorically the same as the defendants in those cases, such that we should conclude that any categorical challenge to the sentence under the Eighth Amendment would be meritless. The State also argues that Staggs abandoned any Eighth Amendment claim for failing to adequately brief it.

As the State argues throughout its brief, Staggs failed to adequately raise either a case-specific or a categorical Eighth Amendment argument before the district court. Additionally, Staggs has abandoned any argument related to the Eighth Amendment. As such, there does not appear to be a viable Eighth Amendment issue properly before us, and there is no need for us to decide whether Staggs' lifetime postrelease supervision term is cruel and unusual.

Affirmed.