NOT DESIGNATED FOR PUBLICATION

No. 114,801

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN L. GRAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed July 8, 2016. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

*Per Curiam*:  Following the State's successful motion to correct an illegal sentence, Justin L. Gray's sentence was modified to increase his period of postrelease supervision from 36 months' to life. On appeal, Gray contends that imposition of lifetime postrelease supervision was unconstitutional as applied to him. Pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), we granted Gray's motion for summary disposition in lieu of briefing.

Because we find that Gray did not ensure that the district court's findings and conclusions were sufficient for appellate review, he has failed to properly preserve this issue for appeal. Accordingly, we dismiss the appeal.

1

Gray pled guilty to aggravated indecent liberties with a child and aggravated indecent solicitation of a child in 2009 and was granted a departure sentence to 36 months' probation with 36 months' postrelease supervision. After several months, Gray violated the terms of his probation, was arrested, and was ordered to serve his underlying 91-month prison sentence. In May 2015, it came to the State's attention that Gray should have been sentenced to lifetime postrelease supervision. The State filed a motion to correct an illegal sentence, and the district court held a hearing on the motion.

At the hearing on the motion, Gray objected to the imposition of lifetime postrelease supervision and argued that such a sentence was cruel and unusual as applied to him because he was only 20 years old at the time of his conviction. The district court disagreed, noting: "[Gray] is an adult. I don't see any reason not to follow the law and impose the lifetime of post release. . . . I don't have any evidence . . . before me today to make those, what I consider to be an exceptional finding that he is not subject to lifetime post release."

Gray now appeals the decision of the district court modifying his sentence to lifetime postrelease supervision.

ANALYSIS

Gray's sole issue on appeal is the constitutionality of lifetime postrelease supervision as applied to him. He acknowledges that our Supreme Court precedents limit appellate review of challenges to the Eighth Amendment of the United States Constitution to situations in which the district court has made explicit factual findings regarding whether a sentence is cruel or unusual as applied to the defendant. See *State v. Naputi*, 293 Kan. 55, 67, 260 P.3d 86 (2011); *State v. Gomez*, 290 Kan. 858, 864, 235

2

P.3d 1203 (2010); *State v. Seward*, 289 Kan. 715, 720-21, 217 P.3d 443 (2009), *disapproved on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015). It is not sufficient for preservation purposes for a defendant to have simply contested the constitutionality of his or her sentence below. A "defendant who wishes to appeal on the basis of a constitutional challenge to a sentencing statute must ensure the findings and conclusions by the district judge are sufficient to support appellate argument." *Seward*, 289 Kan. at 721. Specifically, it is necessary for the district court to make findings regarding the "'"gravity of the [defendant's] offense and the harshness of [his or her] penalty."'" *Gomez*, 290 Kan. at 864. In doing so, the court should consider factors such as the "'particular offender's mental state and motive in committing the crime, the actual harm caused to his victim or to society by his conduct, and any prior criminal history.'" 290 Kan. at 864.

Here, the district court overruled Gray's objection and summarily dismissed his argument that lifetime postrelease supervision was a cruel and unusual punishment for him. The district court made no findings of fact or conclusions of law related to the gravity of Gray's offense or the relative harshness of lifetime postrelease supervision. This is not surprising because the only evidence Gray offered in support of his motion was the fact that he was merely 20 years old at the time of the offense. The district court found that because he was an adult, age was not a sufficient factor standing alone. The district court noted that Gray had not presented any sort of assessment regarding the risk of recidivism or any evidence to support a finding of exceptional circumstances. Gray did not present any additional evidence or press the district court for additional findings and conclusions. As a result, Gray's constitutional challenge was not properly preserved for appeal.

Appeal dismissed.