NOT DESIGNATED FOR PUBLICATION

No. 114,369

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVIE SULLIVAN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed August 19, 2016. Vacated and remanded with directions.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Mollie R. Hill*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., PIERRON and MCANANY, JJ.

LEBEN, J.: Stevie Sullivan pled guilty to aggravated criminal sodomy after forcing a young boy to perform oral sex on him on multiple occasions. Under Jessica's Law, Sullivan faced a presumptive sentence of life imprisonment with no possibility of parole for 25 years. See K.S.A. 2015 Supp. 21-5504(b), (c)(3); K.S.A. 2015 Supp. 21-6627.

As part of a plea agreement, however, Sullivan was free to request a shorter sentence, which the district court had the discretion to consider. Sullivan argued that several mitigating factors (factors that reduce the gravity of a crime) supported his

request, but the district court gave him the presumptive Jessica's Law sentence with no reduction.

On appeal, Sullivan argues that the district court abused its discretion by not following the proper procedure for considering departures from a Jessica's Law sentence. To consider Sullivan's appeal, we will need to discuss the legal principles that should guide a trial court's consideration of requests for lesser sentences in Jessica's Law cases, as well as the factual circumstances of Sullivan's case.

FACTUAL AND PROCEDURAL BACKGROUND

Between 2011 and 2013, Sullivan sexually abused a boy between the ages of 5 and 7 who was a member of his family. In an interview with Sunflower House in May 2014, the boy stated that Sullivan "did bad things" and that "Stevie did it, he's the bad person." The boy said that he had been forced to perform oral sex on Sullivan four times and that Sullivan had performed oral sex three times on the boy. In a June 2014 interview with the police, Sullivan initially denied committing the acts, but he later admitted to them. When asked why he made the boy perform these acts, Sullivan said it was because he was "horny." He admitted he knew it was wrong.

Sullivan was charged with three counts of aggravated criminal sodomy and one count of aggravated indecent liberties with a child under the age of 14. Sullivan pled guilty to one count of aggravated criminal sodomy. In exchange for his plea, the State agreed to drop the other three charges.

For most crimes, the sentencing court consults a grid that provides a guideline sentence based on the severity of the crime and the defendant's criminal history. Jessica's Law changed that process for several serious sex offenses against children, like aggravated criminal sodomy, so that the sentence will be life imprisonment with no

2

possibility of parole for 25 years unless the court "finds substantial and compelling reasons" to impose a shorter sentence. K.S.A. 2015 Supp. 21-6627(d)(1). In these cases, the defendant can ask for a lesser sentence (called a departure sentence), which in a Jessica's Law case cannot be less than the sentence that would otherwise apply under the sentencing guidelines. Sullivan made that request.

At sentencing, Sullivan's attorney argued that several mitigating factors rose to the level of substantial and compelling reasons to grant a shorter sentence. Sullivan argued that he had spared the victim and other witnesses from going through a trial by pleading guilty, that he had no prior criminal history, and that he had a long history of mental problems. Shortly after the charges had been filed, Sullivan's attorney had asked the court to order a mental-competency evaluation, alleging that the attorney was concerned about Sullivan's ability to understand the charges and assist in his defense. Although Sullivan was then found competent to stand trial, the district judge had to explain to him at his plea hearing the roles of the prosecutor, the defense attorney, and the judge.

The boy and his caregiver were unable to attend the sentencing (which had been rescheduled several times), so Angie Kolenda, Wyandotte County District Attorney's Victims' Services Advocate, spoke on their behalf. Kolenda talked about the impact the abuse had had on the boy and indicated that his caregiver believed that Sullivan should receive the strongest possible sentence because even a lifetime of prison would not fix what he had done.

The district court denied Sullivan's departure motion and gave him a lifetime sentence without the possibility of parole for 25 years. Sullivan then appealed to this court.

ANALYSIS

The district court's sentencing options under Jessica's Law are set out in K.S.A. 2015 Supp. 21-6627. Under K.S.A. 2015 Supp. 21-6627(a), with limited exceptions, the district court must sentence a defendant who is 18 years or older and convicted of aggravated criminal sodomy to life in prison with no possibility of parole for 25 years. The district court may only impose a shorter sentence if it "finds substantial and compelling reasons, *following a review of mitigating circumstances*." (Emphasis added.) K.S.A. 2015 Supp. 21-6627(d).

The statute speaks of "mitigating circumstances" when considering what sentence to give a criminal defendant, but it doesn't talk about factors that increase the severity of the crime, which are often called "aggravating circumstances." About 2 months before Sullivan was sentenced, the Kansas Supreme Court explained how a district court should analyze a departure motion under Jessica's Law. In that case, *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015), the court said that the district court must begin by looking at the mitigating circumstances—without regard to any aggravating ones:

> "[T]he proper statutory method when considering a departure from a Jessica's law sentence is for the district court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state those substantial and compelling reasons." 301 Kan. at 324.

*Jolly* thus provides a two-step roadmap for the district court to follow in determining whether a departure sentence is appropriate under Jessica's Law: (1) determine whether any mitigating circumstances exist (without considering any

4

aggravating circumstances); and (2) if mitigating factors do exist, determine whether they rise to the level of substantial and compelling reasons to depart given the facts of the case. See *State v. Pulley*, No. 112,631, 2015 WL 5750477, at *4 (Kan. App. 2015) (unpublished opinion).

In our case, neither party mentioned the recently issued *Jolly* opinion at sentencing. Nor did the district court. Yet our job on appeal is to measure the district court's ruling against the standard set out in *Jolly*. See *State v. Albanil-Alvarado*, No. 111,802, 2015 WL 5311922, at *1 (Kan. App. 2015) (unpublished opinion).

The district court made only very brief comments after hearing the parties' presentations. In those comments, the court gave no indication that it carried out the first step mandated by *Jolly*—determining whether any mitigating circumstances exist *without* considering any aggravating circumstances:

> "The Court's had the opportunity to listen to the statements of counsel as well as those that Miss Kolenda read into the record from the caretaker of the victim. Based upon that as well as a review [of] the presentence investigation, the Court finds Mr. Sullivan is committed to the Department of Corrections for a lifetime sentence. That means that he will not be eligible for parole for a period of 25 years. I am ordering lifetime parole and lifetime registration in the matter."

Instead of first determining only whether there were any mitigating circumstances, it seems from the record that the district court simply made a generalized consideration of all factors and, based on that overall consideration, denied the departure motion.

The sentencing decisions made in Jessica's Law cases are very important ones, with serious consequences for the defendant and for the community. From the court's comments, we cannot conclude that it followed the process set out in *Jolly*: We are unable to identify a point at which the district court "first . . . review[ed] the mitigating

circumstances without any attempt to weigh them against any aggravating circumstances." *Jolly*, 301 Kan. 313, Syl. ¶ 5; see *Albanil-Alvarado*, 2015 WL 5311922, at *2.

Although our review is limited to determining whether the district court abused its discretion, *Jolly*, 301 Kan. at 325, a court abuses its discretion if its decision is based on a legal error. *State v. Smith*, 299 Kan. 962, 970, 327 P.3d 441 (2014). Here, by failing to follow the two-step procedure set out in *Jolly*, the district court based its decision on a legal error. We therefore vacate the sentence and remand with directions to the district court to hold a new sentencing hearing in compliance with K.S.A. 2015 Supp. 21-6627 and *Jolly*.