CORRECTED OPINION

NOT DESIGNATED FOR PUBLICATION

No. 114,787

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

DEBRA LEA DAVENPORT,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed October 14, 2016. Affirmed.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Kevin Shepherd*, of Topeka, for appellee.

Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.

*Per Curiam*:  The State appeals from the district court's order suppressing evidence discovered by a firefighter during a search of Debra Lea Davenport's purse, which led to charges against Davenport for possession of methamphetamine and possession of drug paraphernalia. The State argues that the court erred in finding that the search was the product of government action under the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights. We are not persuaded by the State's argument. For the reasons stated below, and pursuant to Supreme Court Rule 7.042(b)(3) and (b)(5) (2015 Kan. Ct. R. Annot. 68), we affirm the district

1

court's decision to suppress the evidence based on its finding that the firefighter was a government actor performing investigatory activities and thus subject to constitutional constraints on unreasonable searches and seizures when the firefighter searched Davenport's purse.

We begin with our standard of review. This court applies a bifurcated standard of review to a district court's ruling on a suppression motion. Factual findings are reviewed for substantial competent evidence. *State v. Brittingham*, 296 Kan. 597, 601, 294 P.3d 263 (2013). Substantial competent evidence is evidence a reasonable person might accept as sufficient to support a conclusion. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). In determining whether the district court's findings were supported by substantial competent evidence, an appellate court defers to the factual findings of the district court. This court will not reweigh the evidence, make witness credibility determinations, or resolve conflicts in evidence. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). Legal conclusions are reviewed with a de novo standard. *Brittingham*, 296 Kan. at 601.

Because we are affirming the decision of the district court by summary opinion, we provide only a brief overview of the relevant facts. On September 19, 2014, Davenport drove to Maurine McRoberts' home and asked to use the shower in the walk-out basement; McRoberts consented. McRoberts' granddaughter called 911 when she determined that Davenport was in need of medical help.

Shawnee Heights Firefighters Lieutenant Brian Dodds (the duty officer at the time), Dustin Evans, and Charles Ryder were the first to arrive at the residence to render medical aid. Shawnee County Sherriff's Deputy Aaron Steinlage and American Medical Response (AMR) personnel arrived at the scene shortly after the firefighters. When AMR personnel arrived, the firefighters turned over the care of Davenport to them.

When the emergency personnel arrived, Davenport was still in the shower complaining that bugs were crawling on her skin and scratching at herself. They helped her exit the shower and get dressed. It is unclear from the record how much Davenport was able to communicate to the emergency personnel, who were asking her about her identity and medical history. Sherriff's Deputy Steinlage testified that Davenport told Fire Department Lieutenant Dodds her name and date of birth. The homeowner, McRoberts, also testified that Davenport gave the emergency personnel her name. Dodds testified that his incident report indicated that Davenport told him that she drank very little and did not use illegal drugs and that someone at the residence informed him that Davenport had an allergy to Percocet and took ADD medication.

In contrast, the firefighters generally testified that Davenport was not responsive to their questions and provided them no relevant information. They each explained that standard procedure for a medical response call was to search for a person's identification and prescription medications if no one was able to provide that information. Fire Department Lieutenant Dodds testified that Davenport told him that her identification was in her purse. Dodds directed firefighter Evans to locate Davenport's purse to search for her identification and prescription medications. Evans eventually located the purse outside the house on the back patio, where he searched it with firefighter Ryder and Deputy Steinlage present. Steinlage testified that while he was on the patio at the time of the search, he did not direct the search.

Steinlage's report and testimony reflected that the firefighters first located Davenport's driver's license from inside the purse and confirmed her name and date of birth. Also inside the purse was a Victoria's Secret bag, where firefighter Evans found a crack pipe, a syringe, and a baggie of crystal-like substance later identified as methamphetamine. While the search was happening, AMR personnel carried Davenport out of the basement to the ambulance. Steinlage testified that Davenport did not give

permission for the emergency personnel to search her purse and that when she saw them searching it as she was leaving the house, she asked them what they were doing.

As a result of finding the drugs and paraphernalia in Davenport's purse, the State charged Davenport with one count of possession of methamphetamine and one count of unlawful use of drug paraphernalia. Davenport filed a motion to suppress the evidence found in her purse, arguing that the search was conducted by firefighter Evans to assist the law enforcement officers and, therefore, violated her constitutional rights.

After an evidentiary hearing spanning the course of 2 days, the district court issued a 10-page memorandum decision and order granting Davenport's motion to suppress. The district court's written decision included a detailed recitation of the court's findings of fact and determinations regarding credibility, as well as a comprehensive analysis regarding the lawfulness of the search conducted by firefighter Evans, both in his role as a private citizen and as a government employee. Specifically, the district court found Evans was not acting as an instrumentality or agent of the State; thus, Evans was not subject to the search and seizure restraints as a private citizen. Nevertheless, the court found that Evans was a "governmental actor" because he was a government employee performing investigatory-type activities for the benefit of his employer. As a governmental actor, the court concluded Evans was subject to constitutional constraints on unreasonable searches and seizures. Given that no one had obtained a search warrant for Davenport's purse and none of the exceptions to the warrant requirement applied, the court held the evidence discovered during the search of Davenport's purse was tainted and required suppression.

Having independently reviewed the record on appeal, the thorough written ruling issued by the district court, and the parties' appellate briefs, we affirm the district court's decision under Supreme Court Rule 7.042(b)(3) and (b)(5) because no reversible error of law appears, the findings of fact of the district court are supported by substantial

4

competent evidence, and the opinion, findings of fact, and conclusions of law of the district court adequately explain the decision.

Affirmed.