NOT DESIGNATED FOR PUBLICATION

No. 115,649

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAM LEVI ROTH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed March 10, 2017. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Christopher E. Smith*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*:  Adam Levi Roth pled no contest to and was convicted of one count each of aggravated indecent liberties with a child and aggravated criminal sodomy involving various acts with his 5-year-old niece. Roth was 20 years old at the time of his offense. Roth filed a motion for a departure sentence and requested the court not to impose a life sentence for his crimes. At his original sentencing hearing, the district court denied Roth's motion for a departure sentence and sentenced him to two concurrent life sentences without the possibility of parole for 25 years.

Roth appealed from his sentencing. A panel of this court affirmed the sentence as reasonable. *State v. Roth*, No. 110,122, 2014 WL 3397176, at *2 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1019 (2015). While a petition for review was pending, our Supreme Court issued its decision in in *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015), finding that neither the district court nor an appellate court should weigh aggravating factors against mitigating factors in a Jessica's Law case. 301 Kan. 313, Syl. ¶¶ 5, 6. Accordingly, the Supreme Court remanded Roth's case to the Court of Appeals for consideration based on *Jolly.* The panel then vacated Roth's life sentences, finding the sentencing procedure did not conform to the *Jolly* standards, and remanded for resentencing. *State v. Roth*, No. 110,122, 2015 WL 5009336, at *1 (Kan. App. 2015) (unpublished opinion).

Following remand to the district court, a new sentencing hearing was held. At this hearing, defense counsel argued that there were substantial and compelling reasons to depart from the plea agreement and to impose a lesser sentence than Roth had previously received. Counsel noted Roth was 20 years old at the time of the offense and that he had no record of prior sexual offenses. Counsel pointed out that Roth's only person felony was a burglary he committed when he was 16 years old. Counsel also discussed Roth's mental health issues and referred to a psychosexual evaluation suggesting that therapy and some intervention and professional attention could be very helpful to Roth. Defense counsel did not request any particular length of sentence but simply asked for a sentence that would still allow him to have a life ahead for himself and suggested a dispositional departure. In light of the prior plea agreement, the State elected to remain silent.

The court agreed that Roth was a very young man whose criminal history was largely based on a juvenile conviction. In addition, the court recognized that Roth had no prior convictions for sexual offenses and that these were all mitigating factors. The court also noted there was some evidence that mental health treatment might be beneficial as well. Ultimately, the district court decided to depart from the lifetime sentences to grid

sentences for aggravated criminal sodomy as a several level 1 felony and aggravated indecent liberties with a child as a severity level 3 felony. The court imposed a sentence of 285 months—the aggravated sentence in the 1-C grid box on the aggravated sodomy charge—and a sentence of 61 months—the aggravated sentence in the 3-I box—for the aggravated indecent liberties charge. The court ordered the sentences to run consecutively for a controlling term of 346 months' incarceration. The court rejected Roth's request for any dispositional departure in light of the evidence that there was no type of intensive structure treatment program that could help Roth in the community. Roth timely appealed from the new sentence.

On appeal, Roth contends the district court improperly denied his motion for dispositional departure solely based on the lack of local resources available to provide the substantially structured treatment recommended by a psychosexual report. Roth argues the court failed to consider whether there were other facilities outside the county that could provide such treatment. In essence, Roth argues the district court made an error of fact and thereby abused its discretion.

An appellate court will reverse a sentencing court's denial of a motion for departure under Jessica's Law only if the sentencing court abused its discretion in considering the mitigating factors and circumstances of the case. *Jolly*, 301 Kan. at 325. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Moyer*, 302 Kan. 892, 906, 360 P.3d 384 (2015). An appellant claiming an abuse of discretion bears the burden of showing such abuse occurred. *State v. Stafford*, 296 Kan. 25, 38, 290 P.3d 562 (2012).

Roth's convictions were for off-grid felonies under what is colloquially known as Jessica's Law. Under K.S.A. 2016 Supp. 21-6627, a defendant over the age of 18 years who is convicted of a Jessica's Law offense is subject to a term of imprisonment of life

without parole for 25 years unless certain exceptions apply. K.S.A. 2016 Supp. 21-6627(a)(1), (c). However, subsection (d)(1) permits a departure from the lifetime sentence if appropriate mitigating factors are shown to be a substantial and compelling reason for a departure; such a departure would be to the grid sentence for the crime. K.S.A. 2016 Supp. 21-6627(d)(1).

The granting of the departure from a lifetime term results in the defendant being sentenced on the revised Kansas Sentencing Guidelines Act grid. Once on the grid, the trial court can choose to further depart from the sentencing grid. *State v. Gilliland*, 294 Kan. 519, 551, 276 P.3d 165 (2012). If the trial court chooses to further depart, however, it must justify both the departure from the mandatory off-grid sentence and the departure from the presumptive guidelines sentence. 294 Kan. at 551. A departure to a grid sentence under this provision is also subject to the limitations of K.S.A. 2016 Supp. 21-6818. See K.S.A. 2016 Supp. 21-6627(d)(1); *State v. Spencer*, 291 Kan. 796, 826, 248 P.3d 256 (2011). K.S.A. 2016 Supp. 21-6818 prohibits the granting of a downward *dispositional* sentence for any crime of extreme sexual violence as defined in K.S.A. 2016 Supp. 21-6815; a crime involving an act of sexual intercourse, sodomy, or lewd fondling of a child less than 14 years of age is defined as a crime of "extreme sexual violence." K.S.A. 2016 Supp. 21-6815(c)(2)(F)(i)(c).

Based on the clear statutory provisions, the district court was prohibited from granting Roth a dispositional departure under K.S.A. 2016 Supp. 21-6818. Also, to the extent Roth may be arguing the court should have reduced his sentence from the sentencing grid, his argument fails. First, his claim that the district court made an error of fact is not supported by the record. While the district court did note that there were no programs of the structure needed in Cowley County, Roth failed to present any evidence of adequate programs that were available and suitable based on the suggestions of his psychosocial evaluation. Thus, Roth has shown no "mistake of fact" made by the court.

Again, the party claiming an abuse of discretion bears the burden of showing such abuse occurred. *Stafford*, 296 Kan. at 38.

Finally, it is clear that the district court's decision not to depart further was based on a review of the totality of the evidence. Although the court acknowledged the psychosocial report, it also recognized that Roth denied the crime, that he was evaluated as a high to intermediate risk to reoffend, and that he had a significant impairment in controlling his impulses. For all these reasons, the district court did not abuse its discretion in failing to grant a further departure sentence in this case.

Affirmed.