Malone, J.,
dissenting: I respectfully dissent from the majority’s conclusion that we must vacate Kurt Powell’s sentence and remand for reconsideration of his departure motion in compliance with State v. Jolly, 301 Kan. 313, 342 P.3d 935 (2015). Here, the district court properly considered all the evidence presented at the departure hearing and sentenced Powell in accordance with the provisions of K.S.A. 2016 Supp. 21-6627.
I will begin by briefly reviewing the pertinent facts. Powell pled guilty to aggravated indecent liberties with his daughter, a child under the age of 14. He filed a motion for a downward durational departure from his presumptive sentence under Jessicas Law. Powell based his motion on the following claimed mitigating factors: (1) his lack of criminal history; (2) the availability of rehabilitation programs and his willingness to participate in them; (3) his work *764 history and supportive family; and (4) his truthfulness with police during the course of tire investigation.
The sentencing court conducted an evidentiaiy hearing on the motion. Dr. Robert Barnett, a psychologist, testified on Powells behalf. After conducting a clinical interview and mental health examination of Powell, Barnett found that he did not suffer from any major mental health or substance abuse disorders. Barnett opined that Powell is “not a compulsive child molester” and that tire “odds are long” that he would likely reoffend. Barnett concluded that Powell would be a good candidate for a departure sentence and emphasized the point by stating: ‘Tm not quite sure how he could be a better candidate.” On cross-examination, Barnett admitted that he was unaware that Powell had also once molested his stepdaughter—a fact that Powell had admitted to law enforcement as part of the investigation of his case.
The State then called Powells stepdaughter, 25-year-old M.L., in order to rebut Barnetts opinion testimony. M.L. testified that she was 3 years old when her mother married Powell. She testified that she had no memory of the first time that she was inappropriately touched by Powell because the abuse “was just always there.” M.L. described the sexual abuse as “[e]veiything inappropriate, touching breasts, vagina, there was attempted intercourse, there was—I was made to touch his penis, put it in my mouth.” M.L. testified that when she was 12 years old, she told her best friend about the abuse. A short time later, M.L. s mother asked her whether she had been inappropriately touched. M.L. confirmed the abuse, and her mother asked her not to tell anyone else because she could not support the family on her own.
M.L. testified that the abuse stopped when she was 12 years old because she learned about molestation and told Powell to stop. Even then, M.L. stated that Powell would still come to her room and attempt to abuse her. M.L. moved out of tire home when she was 16 years old. Significantly, M.L. testified that Powell continued to malee sexual comments to her even after she reached adulthood.
M.L. testified that she was worried about the potential for abuse of the victim in this case—Powell’s biological daughter. M.L. said she thought she was Powells victim because she was *765 his stepdaughter rather than his biological daughter, and she could not comprehend that someone would abuse their own child. M.L. testified that she believed Powell would reoffend in the future. She stated: “It happened to me every night. It wasn’t every once in awhile. It was every night. That’s what I had to look forward to. And then, of course, then it happened again with my sister, his own—-his own daughter.”
After hearing the evidence and arguments of counsel, the district court ruled from the bench on Powell’s departure motion. The judges comments were relatively brief. The judge first reviewed the mitigating factors set forth in Powell’s departure motion. The judge noted that he could only depart from the presumptive sentence upon finding substantial and compelling reasons to do so. The judge then provided caselaw definitions of the terms “substantial” and “compelling.” The judge concluded by stating: “After considering all of the information presented today, the Court cannot find substantial and compelling reasons to depart from the presumptive sentence.” The district court sentenced Powell to fife imprisonment with no chance of parole for 25 years.
Under Jessica’s Law, the presumptive sentence for a defendant who is 18 years or older and convicted of aggravated indecent liberties with a child under 14 years of age is life in prison with no possibility of parole for 25 years. K.S.A. 2016 Supp. 21-6627(a)(l) (C). The district court must impose the presumptive sentence “unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure.” K.S.A. 2016 Supp. 21-6627(d)(l).
In Jolly, our Supreme Court determined that K.S.A. 2016 Supp. 21-6627(d)(l) “malees no provision for the weighing of aggravating circumstances against the mitigating circumstances to determine if a departure should be imposed.” 301 Kan. at 321. Accordingly, the court disapproved of any language in prior caselaw “that would indicate aggravating circumstances can be weighed against mitigating circumstances when considering a departure in a Jessica’s Law sentencing.” 301 Kan. at 322.
The Jolly court further stated that even though the statute does not allow a weighing of aggravating factors against mitigating factors, *766 “the district court is not restricted to considering only tire mitigating circumstances of the case.” 301 Kan. at 323. The court specifically stated that the “sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime. This includes those 'circumstances inherent in the crime and tire prescribed sentence/” 301 Kan. at 324. The court concluded by stating:
“[T]he proper statutoiy method when considering a departure from a Jessica’s Law sentence is for die sentencing court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing gridlines, the district court must state on the record those substantial and compelling reasons.” 301 Kan. at 324.
In State v. McCormick, 305 Kan. 43, 50-51, 378 P.3d 543 (2016), a four-justice majority of our Supreme Court reaffirmed the holding in Jolly that a judge may not weigh aggravating circumstances against mitigating circumstances in deciding a departure motion under Jessica’s Law. The court again acknowledged that the sentencing judge'is to consider information that reasonably might bear on the proper sentence for a particular defendant, including the manner in which an offender carried out the crime and the circumstances inherent in the crime. 305 Kan. at 50. However, the court clarified that the “manner in which a crime is committed and the circumstances inherent in the crime are not inevitably limited to the strict legal elements of the offense.” 305 Kan. at 50. Because the sentencing judge in McCormick had explicitly referred to some of tire evidence as an “ 'aggravating factor’ ” and had indicated that it weighed the evidence against the mitigating evidence presented by the defendant, the court concluded that it was compelled to remand the case for resentencing in compliance with the holding in Jolly. 305 Kan. at 50-51.
Justice Stegall, joined by two other justices, dissented in McCormick. The dissent criticized the Jolly decision for expanding on the plain language of K.S.A. 2012 Supp. 21-6627(d)(l) by interpret *767 ing that language as a command that the sentencing court must conduct a review of the mitigating circumstances without balancing them against the aggravating circumstances. 305 Kan. at 51-52. Specifically, the dissent stated:
“The plain, unambiguous language of K.S.A. 2012 Supp. 21-6627(d)(l) merely tells the district court judge to determine whether substantial and compelling reasons exist to grant a downward departure after reviewing the mitigating circumstances. It does not command a weighing of aggravating and mitigating factors— but neither does it prohibit such a weighing. This court has read that ‘command’ into the law with no textual support in the statutory scheme.” 305 Kan. at 52.
Returning to our facts, Powell filed a departure motion and asserted several mitigating factors, including the availability of rehabilitation efforts and his willingness to participate in those reformative measures. To support his motion, Powell presented Barnetts opinion testimony that Powell was not a'compulsive child molester and the odds of his reoffending were long. Barnett opined that “I’m not quite sure how [Powell] could be a better candidate [for departure].” On cross-examination, Barnett admitted that he was unaware that Powell had also admitted to molesting his stepdaughter.
In order to rebut Barnett’s opinion testimony that Powell was not a compulsive child molester, and to challenge the weight the district court should give to that testimony, the State called Powells stepdaughter, M.L., who testified about her real-life experiences when she resided in Powell’s home. M.L. testified that Powell repeatedly sexually abused her for several years when she was a child. M.L. also testified that Powell continued to make sexual comments to her even after she reached adulthood. M.L. testified that she was worried about the potential for abuse of the victim in this case, Powell’s daughter, and that she believed from her experience that it was likely that Powell would reoffend in the future. M.L.’s testimony painted a substantially different picture of Powell than had been presented to the court in Barnett’s opinion testimony.
Was the State not entitled to rebut the evidence that Powell had presented at the hearing to support his departure motion? Of course, it was. And if the State was allowed to present rebuttal evidence, was the district court not allowed to consider the evidence in deciding the motion? Of course, it was. In ruling on Powell’s *768 departure motion, the district court expressly recited the mitigating factors set forth in the motion. The district court did not refer to the State’s rebuttal evidence as "aggravating circumstances”; in fact, the district court never used this term at the hearing. The district court never stated that it had weighed aggravating circumstances against mitigating circumstances in denying Powells motion. Instead, the district court merely stated that “[ajfter considering all of the information presented” at the hearing, it was unable to find substantial and compelling reasons to depart from the presumed sentence.
I agree with Justice Stegall’s criticism of Jolly in his dissent in McCormick. As Justice Stegall stated, the plain, unambiguous language of K.S.A. 2016 Supp. 21-6627(d)(l) merely tells the district judge to determine whether substantial and compelling reasons exist to grant a downward departure after reviewing tire mitigating circumstances. It does not command a weighing of aggravating and mitigating factors, but neither does it prohibit such a weighing. The Jolly court has read a "command” into the law prohibiting sentencing courts from considering aggravating circumstances in deciding departure motions in Jessica’s Law cases with no textual support in the statutory scheme.
K.S.A. 2016 Supp. 21-6627(d)(.l) states that the district court must impose the presumptive sentence in a Jessica’s Law case “unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure.” The Jolly court added a word to the statute so that it is now interpreted to read that the presumptive sentence must be imposed in a Jessica’s Law case “unless the judge finds substantial and compelling reasons, following a review of only mitigating circumstances, to impose a departure.” (Emphasis added.)
Our Supreme Court was correct in State v. Spencer, 291 Kan. 796, 809, 248 P.3d 256 (2011), when it pointed out that there is no reason for the departure provisions under Jessica’s Law to refer to aggravating circumstances because there is no way for the court to increase the presumptive sentence of fife imprisonment. A sentencing court can only depart downward. But the fact that K.S.A. 2016 Supp. 21-6627(d)(l) contains no express provision for *769 aggravating circumstances does not compel us to interpret the statute—as the majority does—to mean that courts can only hear and consider mitigating evidence from the defendant that supports a departure motion without also hearing and considering conflicting evidence from the State that detracts from it.
The court’s language in Jolly has caused confusion on how district courts are to conduct departure hearings under Jessica’s Law. The court’s directive in Jolly for sentencing courts not to weigh aggravating circumstances against mitigating circumstances is difficult to follow in real-life cases. Powell’s case provides a good example. Is die State allowed to present evidence at the departure hearing to rebut the defendant’s evidence? If so, must the evidence presented by the State be limited strictly to the manner in which the defendant carried out the crime? How is the district court to consider the evidence presented by both parties in deciding the departure motion? In almost every hearing under the criminal code, parties are allowed to present conflicting evidence so the court will have all the relevant information to make an informed decision. Are we saying that departure hearings under Jessica’s Law do not work this way?
The Jolly decision holds that a district court is not allowed to weigh aggravating circumstances against mitigating circumstances in deciding a departure motion. 301 Kan. at 322. That sounds simple enough. However, the Jolly court goes on to say that “the district court is not restricted to considering only the mitigating circumstances of the case.” 301 Kan. at 323. Specifically, the Jolly court recognizes that the “sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including [but not limited to] the manner or way in which an offender carried out the crime.” 301 Kan. at 324. It is significant to note that—contrary to what the majority concludes—the Jolly court did not limit the information that a sentencing court may consider to the manner in which the defendant committed the crime or the circumstances inherent in the crime. Such evidence is simply an example of the information a court may consider that reasonably might bear on the proper sentence for a particular defendant. As the court clarified *770 in McCormick, the “manner in which a crime is committed and the circumstances inherent in the crime are not inevitably limited to the strict legal elements of the offense.” 305 Kan. at 50.
Returning to the case at hand, was not M.L.’s testimony about the sexual abuse she received from Powell “information that reasonably might bear on the proper sentence” for Powell? Of course, it was. Powell presented evidence that he was not a compulsive child molester and that he was an ideal candidate for a departure sentence. The State had the right to rebut that evidence, and the district court was allowed to consider all the evidence in making its decision. This procedure was consistent with tire court’s directive in Jolly for sentencing courts to consider “the facts of the case [to determine] whether the mitigating circumstances rise to tire level of substantial and compelling reasons to depart from the otherwise mandatory sentence.” 301 Kan. at 324.
Here, the district court heard tire evidence presented by Powell to support his departure motion and the State’s proper evidence in rebuttal. In ruling on the motion, the district court first reviewed the mitigating circumstances without any expressed attempt to weigh them against any aggravating circumstances. Then, after considering the evidence and the facts of the case, the district court determined that the mitigating circumstances asserted by Powell did not rise to the level of substantial and compelling reasons to depart from the mandatory sentence. See Jolly, 301 Kan. at 324. Thus, the district court complied with K.S.A. 2016 Supp. 21-6627(d)(l) and the directives of the Jolly decision in sentencing Powell. There is no reason to vacate the sentence.
Our Supreme Court in Jolly recognized that “a judge does not sentence in a vacuum.” 301 Kan. at 324. Under the sentencing scheme approved by the court in Jolly, a sentencing court is allowed “to consider information that reasonably might bear on the proper sentence for a particular defendant” in deciding a departure motion under Jessica’s Law. 301 Kan. at 324. However, the sentencing judge must be careful not to label the State’s evidence as “aggravating circumstances.” Moreover, the sentencing judge must be careful to avoid the mistake the district court made in McCormick by expressly stating that it weighed aggravating factors *771 against mitigating factors in deciding the departure motion. Such form over substance makes no sense to me.
To sum up, although I believe the analysis in Jolly is confusing and flawed, I would find that the sentencing court in Powells case complied with the directives of that decision. The sentencing court considered information that reasonably might bear on the proper sentence for Powell in deciding the departure motion. The sentencing court never expressly weighed aggravating circumstances against mitigating circumstances. Instead, the sentencing court merely stated that it had considered all of the information presented at the hearing and was unable to find substantial and compelling reasons to depart from the presumed sentence. The district court sentenced Powell in accordance with the provisions of K.S.A. 2016 Supp. 21-6627(d)(l), and there is no need for this court to vacate the sentence. If our Supreme Court reviews this case, it must taire the opportunity to further clarify how sentencing courts should conduct hearings on departure motions under Jessica’s Law, what evidence can be presented by the State at such hearings, and how sentencing courts should consider the evidence in ruling on such motions.