NOT DESIGNATED FOR PUBLICATION

No. 120,462

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN LEE CHAMBERLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 19, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Justin Lee Chamberlin appeals the district court's decision to deny his request for a dispositional departure to probation for his offender-registration violation conviction. He argues that he presented substantial and compelling reasons to support a dispositional-departure sentence.

But the district court is not required to impose a departure sentence even if substantial and compelling reasons would justify a departure. The district court found that public-safety considerations justified a prison sentence, and a reasonable person could agree. We therefore conclude that the district court did not abuse its discretion in denying Chamberlin's motion for a dispositional departure from a prison sentence to probation.

With that overview, we will now review what happened in the district court in more detail. Chamberlin pleaded guilty to one count of offender-registration violation. Based on Chamberlin's criminal-history score of G and a special rule that applies to violations of the Kansas Offender Registration Act, Chamberlin's presumptive sentence was 22, 24, or 26 months in prison. See K.S.A. 2018 Supp. 21-6804(a), (m).

Before sentencing, Chamberlin moved the court to grant both a dispositional departure to probation and a downward-durational departure to a shorter prison sentence. The district court granted Chamberlin's motion for a downward-durational sentence—shortening the prison sentence to 12 months—but denied Chamberlin's request for a dispositional departure to probation.

On appeal, Chamberlin argues that the district court should have sentenced him to probation instead of prison. We review a district court's denial of a departure motion for an abuse of discretion. Abuse of discretion occurs when the district court makes an error of law or fact, or when judicial action is so "arbitrary, fanciful, or unreasonable" that no reasonable person could agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

A district court must impose the presumptive sentence for a crime unless it finds that substantial and compelling reasons warrant a departure. K.S.A. 2018 Supp. 21-6815(a). The term "substantial" is defined as "something that is real, not imagined, something with substance and not ephemeral." *State v. Jolly*, 301 Kan. 313, Syl. ¶ 9, 342 P.3d 935 (2015). "Compelling" reasons are those that force the court "'to abandon the status quo and to venture beyond the sentence that it would ordinarily impose.' [Citation omitted.]" *State v. Hines*, 296 Kan. 608, 620, 294 P.3d 270 (2013). A district court considers both mitigating and aggravating factors when determining whether substantial and compelling reasons exist for granting a departure from a guidelines sentence. See *State v. Spencer*, 291 Kan. 796, 809, 248 P.3d 256 (2011).

In his motion and at his sentencing hearing, Chamberlin said there were substantial and compelling reasons why probation was more appropriate than prison, including that he didn't have a serious criminal history, had taken responsibility for his actions, and had consistently registered under the Offender Registration Act (except for this one failure to register). Chamberlin argues that in light of these factors, the district court abused its discretion when it denied his request for a dispositional departure.

But even if those grounds could have been substantial and compelling reasons to justify a dispositional departure to probation, the district court wasn't *required* to impose a departure sentence. See K.S.A. 2018 Supp. 21-6818(a) ("When a departure sentence is appropriate, the sentencing judge *may* depart from the sentencing guidelines." [Emphasis added.]; *State v. White*, No. 113,915, 2016 WL 4063967, at *2 (Kan. App. 2016) (unpublished opinion). We find no abuse of discretion in the court's decision not to grant probation to Chamberlain.

In denying the request for a departure to probation, the district court said the reason for the offender-registration law was to give citizens a way to know where offenders were, "so that people can make adjustment[s] in their lives, they can make choices about where they're going to live, [and] they can make choices about what kind of security or what things they need to avoid or things they need to do with their kids." In addition to those concerns, the court also had information about Chamberlain's past offenses. While his criminal-history score was relatively low (G, the third-lowest score on a scale from A to I), that doesn't mean there were no significant offenses.

The presentence-investigation report showed 17 past offenses; Chamberlain challenged two of those at sentencing and the State chose not to present evidence about them. So that left 15 convictions for the court to consider. In addition to the 2010 aggravated battery that led to the registration requirement, Chamberlain had four DUI

convictions, four driving-while-suspended convictions, and convictions for criminal damage to property, telephone harassment, criminal trespass, and interfering with a law-enforcement officer. And he committed the failure-to-register offense while still on post-release supervision for a felony DUI conviction.

Given the nature of Chamberlin's underlying crime of aggravated battery, the public-safety purposes of the offender-registration law, and Chamberlain's criminal record, a reasonable person could agree with the district court's decision not to grant a dispositional departure to probation. Chamberlain has not shown that the district court based its decision on any factual or legal error, so we conclude that there was no abuse of discretion.

On Chamberlin's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in the court's decision to deny Chamberlin's request for a dispositional departure.

We affirm the district court's judgment.

4