NOT DESIGNATED FOR PUBLICATION

No. 120,698

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL JASON BROWN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed April 17, 2020. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., WARNER, J., and WALKER, S.J.


PER CURIAM:  Defendant Michael Jason Brown pleaded guilty to one count of aggravated indecent liberties with a child, a Jessica's Law crime carrying a standard sentence of life in prison without parole consideration for 25 years. The Sedgwick County District Court denied Brown's request for a departure sentence and imposed the standard sentence. Brown has appealed on the grounds the district court abused its discretion because he offered substantial and compelling mitigating circumstances. We find no abuse of discretion and affirm.

1

As part of an agreement with the State, Brown agreed to plead to one count of aggravated indecent liberties with a child. The State dismissed two other counts. The victim in each count was Brown's seven-year-old daughter. Under the agreement, the State would request a standard Jessica's Law sentence and Brown was free to ask for a downward departure.

At the sentencing hearing, Brown argued he should receive a mitigated sentence because he had no material criminal history, a presentencing evaluation showed he had a low risk for reoffending, and he spared his daughter having to testify or otherwise participate in the criminal case when he agreed to plead guilty. In explaining its decision to deny the motion for mitigation, the district court noted at the outset the familial relationship between Brown and the victim and went on to find Brown's asserted bases for a sentence reduction to be individually and collectively insubstantial. The district court sentenced Brown to life in prison with first consideration for parole after 25 years. Brown has appealed.

On appeal, Brown contends the district court abused its discretion in denying his request for a mitigated sentence. See *State v. Jolly*, 301 Kan. 313, Syl. ¶ 7, 342 P.3d 935 (2015) (abuse of discretion standard governs district court's sentencing mitigation decision). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

Under *Jolly*, a district court must consider the defendant's proffered mitigating factors without measuring them against any aggravating factors and then determine whether the mitigation evidence is sufficiently substantial and compelling to warrant some sentencing relief in light of the overall circumstances of the case. 301 Kan. 313,

Syl. ¶ 5. The district court outlined the *Jolly* standard as the template it intended to follow in explaining its sentencing decision.

Brown first complains that the district court effectively weighed an aggravating factor against his mitigating evidence when it noted the victim was his seven-year-old daughter. A district court would abuse its discretion by weighing mitigating and aggravating factors, since that would disregard the governing legal framework set out in *Jolly*. But we disagree with Brown's premise. The district court simply made an observation as to a fact about the victim as a prelude to its substantive analysis. We further discount Brown's argument because the district court expressly recognized the *Jolly* rule and later explained that it found no aggravating factors.

Brown next complains that the district court abused its discretion in a general sense by giving insufficient consideration to the mitigating circumstances he presented. Again, we disagree. Brown's lack of criminal history is a mitigating consideration, but it doesn't require mitigation. See K.S.A. 2019 Supp. 21-6627(d). The district court discounted the evaluation assessing Brown as an unlikely recidivist because the evaluator relied on Brown's account of the crimes that materially minimized his culpability. That's simply recognition of a weakness in the proffered mitigation evidence and not a weighing of mitigating and aggravating factors. Although Brown's decision to plead did keep his daughter from having to testify, he realized a significant benefit, as well. The State dismissed two charges. Had Brown gone to trial and been convicted on all of them, he could have been sentenced consecutively, greatly extending his wait to be considered for conditional release from prison.

The district court understood the facts of the case and the governing legal standards. Brown's claim for abuse of discretion, then, rests on the supposition that no other district court would have denied his motion for a departure sentence in similar circumstances. Given those circumstances, including the young age of the victim and the

3

extent of the sexual abuse, we readily conclude other district courts would find the standard statutory sentence to be appropriate in this case. In short, the district court could not have abused its discretion by any stretch of the record.

Affirmed.