NOT DESIGNATED FOR PUBLICATION

No. 129,135

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES HARVEY BIRD JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Leavenworth District Court; ROBERT J. BEDNAR, judge pro tem. Opinion filed February 20, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before PICKERING, P.J., CLINE, J., and CAREY HIPP, District Judge, assigned.

PER CURIAM: James Harvey Bird Jr. appeals his sentence for violation of a protective order, a class A misdemeanor. We granted Bird's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not reply to Bird's motion for summary disposition. After review, we affirm the district court.

The State charged Bird with one count of violation of a protective order. Pursuant to a plea agreement, Bird ultimately pled guilty to violating a protective order. The State agreed to recommend a sentence of "no more than nine months."

1

At sentencing, Bird asked the district court to follow the recommendation in the presentence investigation report, which recommended a 12-month jail sentence with all but 10 days suspended to one year of supervised probation. The State requested the district court sentence Bird to nine months in jail. The victim's impact statement was read to the court. In it, the victim noted she was terrified of Bird, had severe anxiety, and requested Bird receive the maximum allowable sentence.

The district court sentenced Bird to nine months in the Leavenworth County jail.

Bird appealed.

When the sentence imposed is within the statutory limits, "'[i]t is the sentencing judge alone who determines the appropriate sentence to be imposed or other disposition of the case by exercising his or her best judgment, common sense, and judicial discretion . . . .'" *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). Under K.S.A. 21-6602(a)(1), the sentence for a class A misdemeanor "shall not exceed one year." If a sentence is lawfully imposed, this court will not disturb the sentence absent an abuse of discretion. *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

Bird's sentence is within the statutory limits for a class A misdemeanor. Therefore, it cannot be disturbed absent an abuse of discretion. Bird cites no legal or factual error allegedly made by the district court. Nor does Bird provide any explanation for why he believes the court's sentence was arbitrary, fanciful, or unreasonable. After reviewing the record, we see no abuse of discretion by the court in its sentencing of Bird.

Affirmed.